1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EDIFECS, INC.,

            Plaintiff,

     v.

WELLTOK, INC.,

            Defendant.

Case No. 2:18−cv−01086−JLR

**JOINT REPORT PURSUANT TO
LOCAL CIVIL RULE 26(f)**

Pursuant to Federal Rule of Civil Procedure 26(f)(3), Local Civil Rule 26(f), and this Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement, the parties hereby submit this Joint Report:

    **1.      Nature and Complexity of the Case**

        **a.     <u>Plaintiff's statement:</u>**

    Edifecs is located in Bellevue and provides software-based data management solutions for the healthcare industry. In late 2016 its Senior Vice President of Sales David Profant resigned to join Welltok, another healthcare company. A number of his senior sales team followed him in rapid succession. Edifecs sued Profant in the Superior Court of King County in March 2017, claiming violation of contractual and fiduciary duties for his solicitation and support of Welltok's hiring of the other individuals. The action was removed to this Court, becoming case 2:17-cv-00557-JLR

EDIFECS' INITIAL DISCLOSURES
Case No. 2:17-cv-00557

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1-206-839-4300

4849-6446-8340\2

(the "Profant case"). As a result of initial document discovery efforts it emerged that Mr. Profant had destroyed evidence of communications with the other recruited employees, and the parties began discussing possible settlement. While those discussions proceeded, Mr. Profant died. Edifecs then filed this action asserting responsibility of Welltok based on the same general set of facts. This Court deemed the current action to be related to the Profant case. However, Mr. Profant had died intestate, and as of the deadline for substitution of the administrator, none had been appointed. Therefore, Edifecs voluntarily dismissed the Profant case. In this second action, Welltok has appeared through the same counsel that had represented Mr. Profant, and so counsel for both parties have a history of dealing with the dispute and with each other through counsel. Although there is substantial discovery remaining to be done, the basic allegations and legal issues are relatively straightforward, and Edifecs expects that most issues can be resolved in a cooperative manner without the need for intervention of the Court.

### b.    <u>Defendant's statement</u>:

This case is related to an earlier lawsuit that Edifecs filed on March 13, 2017 against a former Edifecs employee named Dave Profant (the "Profant litigation").  In the earlier case, Edifecs alleged that Mr. Profant solicited several former coworkers to leave Edifecs and apply to work for Mr. Profant's new employer, Welltok.  The Profant litigation was removed to this Court and assigned civil action No. 2:17-cv-23 00557-JLR.  Although the Profant litigation was pending for more than 17 months, Edifecs never alleged any wrongdoing by Welltok in that case.  Edifecs first asserted claims against Welltok only after Mr. Profant died.

Welltok denies that it solicited any employees from Edifecs.  It is undisputed, and also not surprising, that several Edifecs employees decided to seek employment at Welltok after Mr. Profant came to work for Welltok.  The individuals had worked with Mr. Profant at Edifecs and at another company before that.  They apparently like working with Mr. Profant, and it appears that they

contacted him to see if there were any other job openings at Welltok.  There was nothing unlawful about those individuals seeking employment at Welltok, and Welltok did not solicit them.

The Complaint filed by Edifecs strongly suggests Edifecs is not aware of any evidence that Welltok unlawfully solicited Edifecs employees.  Most of the allegations are made "on information and belief," including the following allegations which are at the heart of Edifecs' claims:

> On information and belief, Profant, while still employed by Edifecs, gave Welltok confidential information concerning Edifecs employees.

> On information and belief, Welltok wrongfully induced Profant to breach his duties to Welltok by inter alia sharing confidential information with Welltok in order to gain an unfair commercial advantage.

> On information and belief, Profant, in violation of his contractual and fiduciary obligations, solicited Edifecs employees and/or assisted Welltok to hire them.

> On information and belief, Profant and other Welltok employees, including former Edifecs employee Matthew Dziedic, with knowledge of and conscious disregard for Profant's contractual and fiduciary duties to Edifecs, worked together to solicit, recruit, and hire Edifecs employees including Forster, Schlicting, Arnone, and Baehre.

> On information and belief, acting with Profant's and Welltok's knowledge and with the intent to benefit Profant and Welltok, one or more Welltok employees who formerly worked at Edifecs assisted Welltok in recruiting and hiring Edifecs employees.

> On information and belief, at least some of the Edifecs employees who left Edifecs to join Welltok misappropriated Edifecs' confidential business information and used that information at Welltok.

> On information and belief, Welltok's conduct was wrongful inter alia because it used Edifecs' confidential information, intended to harm Edifecs, and hoped to win business from Edifecs customers by leveraging goodwill and information that belonged to Edifecs.

Complaint (ECF No. 1) at ¶¶ 13, 25, 27, 29, 33, 37 and 45.

Edifecs began the Profant litigation aggressively, filing a Motion for Leave to Take Expedited Discovery and threatening to seek a temporary restraining order.  Edifecs served a subpoena for records on Welltok, and Welltok produced thousands of pages of documents.  Those documents included email communications between Mr. Profant and his former co-workers and

call records identifying any telephone calls or text messages between Mr. Profant and his former co-workers.

After one year of aggressive litigation by Edifecs, Mr. Profant tragically suffered a massive stroke and died.  At the time of Mr. Profant's death, after conducting a substantial amount of discovery, Edifecs still had not sought to join Welltok as a defendant.  After Mr. Profant's death, Welltok did not seek to have an administrator appointed for Mr. Profant's estate so that it could continue the litigation.  Instead, Edifecs filed a Motion for Voluntary Dismissal, which this Court (Hon. James L. Robart) granted on August 9, 2018.  Edifecs now sues Welltok, and, despite having obtained voluminous discovery in the Profant litigation, Edifecs can still only allege its claims "on information and belief."

**2.      Proposed deadline for the joining of additional parties**

The parties propose October 22, 2018, with this caveat by plaintiff: discovery may reveal a basis for liability on behalf of the individuals who were hired from Edifecs by Welltok, and in that event Edifecs may apply to add them as party defendants.

**3.      Whether the parties consent to assignment to a Magistrate Judge**

The parties do not consent to assignment to a Magistrate Judge.

**4.      Discovery plan**

   **A.      Initial disclosures**

The parties each served their initial disclosures on September 24, 2018.

   **B.      Subjects, timing and potential phasing of discovery**

The parties agree that phasing is not necessary.

   **C.      Electronically stored information**

The parties have agreed in principle to use the same slightly modified EDI order that was agreed in the Profant case.

**D.      Privilege issues**

The parties are unaware of any unusual privilege issues and have agreed to handle inadvertently produced privileged information pursuant to this Court's model order.  The parties have agreed to provide privilege logs thirty days after document production.

**E.      Proposed limitations on discovery**

The parties do not propose any changes to the discovery provisions of the civil rules and this Court's local rules.  The parties do not propose any further limitations on discovery at this time, but reserve the right to seek such limitations in the future.

**F.      Need for any discovery-related orders**

The parties do not anticipate the need for discovery-related orders, other than a standard protective order covering production of confidential information.

**5.      Local Civil Rule 26(f)(1)**

**A.      Prompt case resolution**

The parties are discussing the framework and procedure for possible settlement of the action.

**B.      Alternative dispute resolution**

As part of their discussions concerning a framework for settlement, the parties are considering private ADR procedures.

**C.      Related cases**

The only related case is the Profant case, 2:17-cv-00557-JLR, now voluntarily dismissed.

### D.      Discovery management

Because counsel are familiar with each other and with the underlying dispute, they expect to be able to handle discovery arrangements informally and do not anticipate the need for intervention of the Court at this time

### E.      Anticipated discovery sought

Plaintiff plans to complete document discovery from Defendant and the individual former employees, followed by depositions of those employees and a Defendant corporate representative.

Defendant produced thousands of documents requested by Plaintiff in the Profant litigation. Because it was not a party to that litigation, Defendant has not yet conducted any discovery of plaintiff or any third parties.  Defendant plans to conduct document discovery and then take depositions of one or more employees of Plaintiff, including a corporate representative.

### F.      Phasing motions

The parties do not anticipate the need for phasing motions.

### G.      Preservation of discoverable information

The parties do not anticipate any issues regarding preservation.  The parties agree that the relevant time period for purposes of preservation is June 2016 to the present.

### H.      Privilege issues

The parties are unaware of any unusual privilege issues and have agreed to handle inadvertently produced privileged information pursuant to this Court's model order.  The parties have agreed to provide privilege logs thirty days after document production.

### I.      Model Protocol for Discovery of ESI

The parties have agreed to use the same slightly modified model ESI order as in the Profant case.

### J.      Alternatives to Model Protocol

See above.

**6.      Date by which discovery can be completed**

May 31, 2019 fact discovery completion.

June 14, 2019 expert discovery completion.

**7.      Whether the case can be bifurcated**

The parties do not seek bifurcation at this time.  Defendant reserves the right to move for bifurcation of the liability and damages phases of the trial.

**8.      Pretrial statements and Pretrial Order under LCR 16 and 16.1**

Plaintiff wishes to dispense with the pre-trial order and pre-trial statements called for by LCR 16 and 16.1.  Defendant believes that the Court's usual pre-trial statement and pre-trial order procedures should apply.

**9.      Individualized Trial Program under LCR 39.2 or ADR under LCR 39.1**

The parties do not agree to an individualized trial under LRC 39.2.  At this time, the parties plan to explore settlement options through direct negotiations or private ADR procedures.**10.**

**10.      Other suggestions for shortening or simplifying the case**

The parties do not have other specific suggestions at this time.

**11.      Date case will be ready for trial**

The parties propose October 28, 2019 for beginning trial.

**12.      Jury or non-jury**

Jury trial is requested by both sides.

**13.      Number of trial days required**

The parties anticipate needing eight trial days.

**14.     Names, address and telephone numbers of all trial counsel**

       **Plaintiff's Counsel:**
Aravind Swaminathan, WSBA No. 33883
aswaminathan@orrick.com
Tel: (206) 839-4300
Robert Uriarte (pro hac vice)
ruiarte@orrick.com
Tel: (650) 289-7105
ORRICK HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104

James Pooley (pro hac vice)
james@pooley.com
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Tel: 650-285-8520

**Defendant's Counsel:**
Aaron Goldstein, WSBA No. 34425
goldstein.aaron@dorsey.com
Todd S. Fairchild, WSBA No. 17654
fairchild.todd@dorsey.com
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104
(206) 903-8800

**15.     Dates on which trial counsel may have conflicts**

Trial counsel have no conflicting court commitments after the proposed trial date.

**16.     Service of all parties**

Defendant has been served and has appeared.

**17.     Whether any party wishes a pretrial FRCP 16 conference**

The parties do not believe a Rule 16 conference is necessary at this time.

**18.     Filing of disclosure statement pursuant to FRCP 7.1 and LR 7.1**

Corporate disclosures will be submitted as of October 1, 2018.

1

Respectfully submitted this 1st day of October, 2018.

2

ORRICK HERRINGTON & SUTCLIFFE
LLP

3

4

By: Robert Uriarte
Aravind Swaminathan, WSBA No. 33883
aswaminathan@orrick.com
Robert Uriarte (pro hac vice)
ruiarte@orrick.com
ORRICK HERRINGTON & SUTCLIFFE
LLP
701 Fifth Avenue, Suite 5600
Seattle, WA 98104
Tel: (206) 839-4300

5

6

7

8

9

10

James Pooley (pro hac vice)
james@pooley.com
325 Sharon Park Dr., #208
Menlo Park, CA 94025
Tel: 650-285-8520

11

12

13

14

*Counsel for Plaintiff*

15

DORSEY & WHITNEY LLP

By: Aaron Goldstein
Aaron Goldstein, WSBA No. 34425
goldstein.aaron@dorsey.com
Todd S. Fairchild, WSBA No. 17654
fairchild.todd@dorsey.com
DORSEY & WHITNEY LLP
701 Fifth Avenue, Suite 6100
Seattle, Washington  98104
(206) 903-8800

*Counsel for Defendant*

16
17
18
19
20
21
22
23
24
25
26
27
28