The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>WELLTOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:18-cv-01086-JLR<br><br>**MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE**<br><br>NOTE ON MOTION CALENDAR:<br><br>October 11, 2019 |

MOTION FOR SANCTIONS
Case No.: 2:18-cv-01086-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

# TABLE OF CONTENTS

| Clause | | Page |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | FACTUAL BACKGROUND | 1 |
| | A. Nature of the Case | 1 |
| | B. Welltok's Anticipation of Litigation in November 2019 | 2 |
| | C. Text Message Spoliation Post November 2016 | 3 |
| | D. Spoliation Continues Post-Litigation | 4 |
| |    1. Profant and Welltok's Initial Discovery Misconduct | 4 |
| |    2. Welltok's Continued Discovery and Litigation Misconduct | 6 |
| III. | LEGAL STANDARD | 7 |
| IV. | ARGUMENT | 8 |
| | A. Welltok's Duty to Preserve Recruitment-Related Text Messages Commenced in November 2016 and Certainly No Later than March 2017 | 8 |
| | B. Welltok Intentionally and Negligently Spoliated Evidence After its Duty to Preserve Arose | 9 |
| | C. The Subject Evidence Cannot be Replaced, Causing Prejudice to Edifecs | 11 |
| | D. Adverse Inference Sanctions are Appropriate | 12 |
| CONCLUSION | | 12 |

MOTION FOR SANCTIONS
Case No.: 2:18-cv-01086-JLR

- i -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Apple Inc. v. Samsung Elecs. Co.*,
    881 F. Supp. 2d 1132 (N.D. Cal. 2012) ........................................................................8, 11

*Apple Inc. v. Samsung Elecs. Co.*,
    888 F. Supp. 2d 976 (N.D. Cal. 2012) ................................................................................9

*Britton v. Wal-Mart Stores E., L.P.*,
    No. 4:11cv32-RH/WCS, 2011 WL 3236189 (N.D. Fla. June 8, 2011) ..............................7

*Compass Bank v. Morris Cerullo World Evangelism*,
    104 F. Supp. 3d 1040 (S.D. Cal. 2015) ...............................................................................8

*Doe v. Norwalk Cmty. Coll.*,
    248 F.R.D. 372 (D. Conn. 2007) .........................................................................................9

*Dykes v. BNSF Ry. Co.*,
    No. C17-1549-JCC, 2019 WL 1128521 (W.D. Wash. Mar. 12, 2019) .......................10, 12

*E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*,
    803 F. Supp. 2d 469 (E.D. Va. 2011) ................................................................................10

*Edifecs, Inc. v. David Profant*,
    Case No. 2:17-cv-00557-JLR (W.D. Wash.), Dkt. No. 1 ....................................................5

*Google Inc. v. Am. Blind & Wallpaper Factory, Inc.*,
    No. C 03-5340 JF (RS), 2007 WL 1848665 (N.D. Cal. June 27, 2007) ............................11

*In re Grand Jury Subpoena*,
    357 F.3d 900 (9th Cir. 2004) ...........................................................................................3, 8

*Herson v. City of Richmond*,
    No. C 09-02516 PJH (LB), 2011 WL 3516162 (N.D. Cal. Aug. 11, 2011) ........................9

*J.M.S. Farms, Inc. v. Dep't of Wildlife*,
    68 Wn. App. 150 (1992) ................................................................................................2, 10

*Keithley v. Home Store.com, Inc.*,
    No. C-03-04447 SI (EDL), 2008 WL 3833384 (N.D. Cal. Aug. 12, 2008) ........................9

*Leon v. IDX Sys. Corp.*,
    464 F.3d 951 (9th Cir. 2006) .................................................................................9, 11, 12

*Matthew Enter., Inc. v. Chrysler Grp. LLC*,
    No. 13-cv-4236-BLF, 2016 WL 2957133 (N.D. Cal. May 23, 2016) .............................7, 9

*N.J. Mfrs. Ins. Co. v. Hearth & Home Techs., Inc.*,
   No. 3:06-CV-2234, 2008 WL 2571227 (M.D. Pa. June 25, 2008) ......................................10

*Newberry v. Cty. of San Bernadino*,
   750 F. App'x 534 (9th Cir. 2018)(unpublished) ..................................................................7

*OmniGen Research v. Wang*,
   321 F.R.D. 367 (D. Or. 2017) ............................................................................................11

*Perez v. United States Postal Serv.*,
   No. C12-00315 RSM, 2014 WL 10726125 (W.D. Wash. July 30, 2014) ...........................8

*Phillips Elecs. N. Am. Corp. v. BC Tech.*,
   773 F. Supp. 2d 1149 (D. Utah 2011) ................................................................................10

*Rahman v. State*,
   170 Wn.2d 810 (2011) ........................................................................................................10

*Ramos v. Swatzell*,
   No. CV 12-1089-BRO, 2017 WL 2857523 (C.D. Cal. June 5, 2017) ................................10

*Rhea v. Washington Dep't of Corr.*,
   No. C10-0254 BHS KLS, 2010 WL 5395009 (W.D. Wash. Dec. 27, 2010) ........................9

*Rockman Co. (USA) v. Nong Shim Co.*,
   229 F. Supp. 3d 1109 (N.D. Cal. 2017) ................................................................................8

*Schneider Nat'l Carriers, Inc. v. Fireworks Nw., LLC*,
   No. C15-0747RAJ, 2017 WL 2443543 (W.D. Wash. June 6, 2017) ....................................8

*Small v. University Medical Center*,
   No. 2:13-cv-0298-APG-PAL, 2018 WL 3795238 (D. Nev. July 31, 2018) .......................11

*Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC*,
   No. C 12-04516 SC (LB), 2014 WL 3738327 (N.D. Cal. June 20, 2014) ......................7, 12

*T-Mobile USA, Inc. v. Terry*,
   No. 3:11-CV-5655-RBL, 2012 WL 12870489 (W.D. Wash. July 17, 2012) ..................7, 12

**Other Authorities**

Fed. R. Civ. P. 37(e) ...........................................................................................................7, 11, 12

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR — - iii -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

I.     **INTRODUCTION**

This is a tortious interference case alleging that Welltok and its Vice President David Profant engaged in an unlawful raid of senior Edifecs employees. Edifecs seeks evidentiary sanctions due to spoliation of at least two categories of evidence critical to Edifecs' claims: (1) text message communications between Profant and the former-Edifecs recruits during the critical solicitation window; and (2) Welltok's job posting records for the relevant time period.

Welltok's efforts to preserve evidence were recklessly deficient, tantamount to intentional spoliation. Although Welltok contemplated litigation as early as November 2016, it failed to take the necessary steps to preserve evidence. Moreover, although Edifecs served formal process to obtain the now-destroyed evidence on March 20, 2017 and May 24, 2017, Welltok failed to conduct an appropriate search for responsive documents *until 2019*, and abdicated its discovery responsibilities by allowing its employees to self-collect their own incriminating documents, predictably leading to the production of almost no documents by multiple Welltok custodians. In effect, Welltok has made it impossible to conduct a complete merits-based assessment of the allegations of the complaint. Edifecs therefore requests that the jury be instructed that the absence of evidence should be construed adversely against Welltok.

II.    **FACTUAL BACKGROUND**

A.     **Nature of the Case**

Edifecs is a Washington corporation headquartered in Bellevue. Since 1996, Edifecs' software solutions have helped healthcare providers, insurers, benefit management companies, and other trading partners trim waste, reduce costs, and increase revenues. Today, more than 350 healthcare customers use Edifecs solutions to simplify financial, clinical, and administrative transactions. Edifecs has approximately 450 employees, mostly in Washington. Welltok is a Delaware corporation headquartered in Colorado, also in the healthcare technology industry.

This case arises from Welltok's intentional, wrongful interference with Edifecs' contractual relationships and business expectancies. In or about late September and early October 2016, Edifecs Senior Vice President of Sales David Profant began secretly negotiating

with Welltok executives to leave Edifecs for Welltok.[1]  During these discussions, Profant provided to Welltok's "Chief People Officer" Chaz Hinkle a copy of his Edifecs employment agreement, which expressly prohibited Profant from soliciting, hiring, or assisting in the soliciting or hiring away of any Edifecs employees during, and for one year following, Profant's employment with Edifecs.  Despite having actual notice of Profant's fiduciary and contractual obligations to Edifecs, Welltok colluded with Profant to hire away his former Edifecs colleagues.

Hinkle tendered an offer of employment to Profant on October 30, 2016.  The very next day, Dave Arnone, Jennifer Forster, Matthew Dziedzic, and Derek Baehre each emailed Hinkle their resumes in order to apply for positions that Welltok had not publicly posted.[2]  Profant left Edifecs for Welltok in November 2016 and, with Welltok's help, ultimately brought over five Edifecs' sales employees, representing a significant portion of Edifecs' total sales force.  *See generally* Dkt. No. 1 ("Complaint").

**B.   Welltok's Anticipation of Litigation in November 2019**

On November 1, Profant emailed Hinkle a copy of his Edifecs employment agreement. *See* Declaration of Robert L. Uriarte ("Uriarte Decl.") Ex. 1.  Shortly thereafter, Hinkle and Welltok Chief Administrative Officer and General Counsel James Sullivan—a seasoned General Counsel of several previous companies that appear to have been involved in numerous litigation matters in state and federal courts[3]—began crafting an "Addendum" to Profant's Welltok offer letter, purporting to instruct Profant not to violate the terms of his Edifecs agreement.  *Id*., Ex. 2.  The final version is dated November 13, 2016.  *Id.*[4]

Fast-forward for a moment to the case at hand, Edifecs requested all "DOCUMENTS" (defined to include draft documents) "related to the potential or actual recruitment or hiring of

---

[1] In the approximately 22 months prior to commencing his and Welltok's raid on Edifecs sales staff, Profant was paid a total of over $1.4 million, making him the second highest-paid executive in the company.

[2] On this factual point, Welltok hopes to profit from its spoliation of job posting records by arguing that there were public job postings for the subject positions.  Edifecs cannot test this argument due to Welltok's spoliation.

[3] Mr. Sullivan has had a long and distinguished career in which he has worked for major law firms and several companies who have been involved in multiple litigation matters.  *See* https://www.linkedin.com/in/james-sullivan-51872a41; Uriarte Decl. Exs. 16, 17.  Welltok is charged with Sullivan's knowledge about the standard of care for evidence preservation.  *See, e.g., J.M.S. Farms, Inc. v. Dep't of Wildlife*, 68 Wn. App. 150, 158 (1992).

[4] Hinkle and Sullivan's practice was to exchange via email drafts of documents they were working on together. *See* Uriarte Decl. Ex. 3.

David Profant." *Id.*, Ex. 4 at 9:7-9 (RFP 12).  In response, Welltok objected, *inter alia,* on the grounds that they were protected by the attorney work product doctrine, and it produced no emails or drafts related to the Addendum.  *Id.*, Ex. 5 at 8:10-20.  In so objecting, Welltok effectively conceded that it contemplated potential litigation as of at least the date of the Addendum.  *See, e.g.*, *In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004) (noting that work product privilege applies to documents "prepared in anticipation of litigation or for trial") (citation omitted).  In fact, the text of the Addendum itself demonstrates that Welltok contemplated forthcoming litigation with Edifecs, as it instructed Profant to "forward any letters from [Edifecs or its attorneys] to our Jim Sullivan."  Uriarte Decl. Ex. 2.

Despite the fact that Welltok reasonably contemplated litigation in November 2016, it took no actions to preserve relevant communications until March 15, 2017.  *Id.*, Ex. 6 at 7:3-8. And even then, Welltok's preservation efforts were woefully insufficient, resulting in the spoliation of several categories of important evidence, as detailed below.

**C.    Text Message Spoliation Post November 2016**

Records obtained from a subpoena to Profant's wireless provider show that, from November 1, 2016 to at least January 28, 2017, Profant sent and received hundreds of text message communications to and from the same Edifecs employees who Welltok was then actively recruiting, including Jennifer Forster, Derek Baehre, and Matt Dziedzic.[5]  *Id.*, Ex. 7. Many of these text messages correlate to important events.  For example, Profant sent Jennifer Forster several texts on November 1, 2016, shortly after which Forster sent her resume to Hinkle without any explanation as to why she was doing so, or even what position she was applying for.  *Id*. Exs. 7 and 8.  On November 12, 2016, the day after Profant left Edifecs for Welltok, Profant texted Forster, Dziedzic, and Baehre over two-hundred times.  *Id.*, Ex. 7.[6]  On November 16, 2016, on his initial start date with Welltok, Profant texted Forster, Dziedzic, and Baehre

---

[5] Welltok and Profant originally produced a redacted copy of these records purporting to show all of the communications between Welltok and Edifecs employees.  However, other evidence uncovered in discovery indicates that there are likely additional relevant communications between Profant and Welltok behind the redactions.  Edifecs requested in discovery an unredacted copy of the records, but Welltok has not yet produced it.

[6] The text logs show UTC time -- 7 hours ahead of Profant's time zone (pacific standard time).  Thus, texts in the early hours of November 13, 2016 UTC time correspond to November 12, 2016 pacific time.

nearly 100 times. *Id*. And then, on November 30, 2019, shortly after Forster emailed Hinkle to accept Welltok's offer of employment, Profant texted Forster again. Profant's text communications with the Edifecs recruits continued through at least the end of January 2017.

Although both Profant and Welltok had a reasonable apprehension of litigation by at least early November 2016, Welltok did nothing to preserve any of its employee text message communications at that time. On the contrary, Welltok all but ensured that critical records of communications between Profant and Forster, Dziedzic, and Baehre would be lost by ignoring its responsibilities and failing to take affirmative steps to preserve communication records that they knew would be critical to this reasonably foreseeable litigation. And then (conveniently), when requested repeatedly by Edifecs in direct and third-party discovery, Welltok produced none of the text messages. We can only conclude that all of the subject messages were destroyed by virtue of the fact that none of them were produced in response to subpoenas issued to Welltok, Profant, Forster, Dziedzic, and Baehre. Uriarte Decl. ¶ 8.[7]

**D.    Spoliation Continues Post-Litigation**

   **1.    Profant and Welltok's Initial Discovery Misconduct**

Edifecs sued Profant on March 13, 2017 in King County Superior Court, prompting Welltok (who was jointly represented by Profant's counsel) to purportedly issue a litigation hold that applied to only six custodians: Dave Profant, Jennifer Forster, John Schlichting, Dave Arnone, Derek Baehre, and Matt Dziedzic. Notably and glaringly omitted from this litigation hold were documents and communications for Chaz Hinkle, the apparent point person for Welltok's recruitment efforts, and James Sullivan, the CAO and in-house lawyer responsible for the Profant Addendum, in addition to several other key Welltok employees.[8] On March 20,

---

[7] Because Welltok has not yet produced an unredacted version of Profant's text records, the full extent of spoliation is unknown. In addition, it is likely that email communications were also spoliated, given major gaps in Welltok and its employees' document production. For example, other than a single email from John Schlicting forwarding his resume to Profant (Uriarte Decl. Ex. 9), neither Schlicting, Profant, or Welltok produced any communications regarding Welltok's recruitment of Schlicting; a job offer to Schlicting simply appears out of the blue on January 23, 2017, with no leading communications.

[8] Other notable omissions include Jeff Margolis, Welltok's CEO and one of the persons responsible for recruiting and hiring Mr. Profant; Scott Rotermund, Welltok's "Chief Growth Office" and one of the executives who interviewed Mr. Profant; Chris Coloian, a Welltok senior executive who also interviewed Profant for his role at Welltok; and the following individuals who were involved in the recruiting and hiring process: Linda Fenton,

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR                    - 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

2017, Edifecs filed a motion for expedited discovery. After full briefing, the Honorable Timothy Bradshaw granted Edifecs' motion, and ordered Profant to produce by April 12, 2017 *inter alia* all communications between Profant and any Edifecs employee from June 1, 2016 forward. In response to Judge Bradshaw's order, on April 11, 2017, Profant falsely stated under penalty of perjury that he had no documents responsive to Edifecs' requests. Uriarte Decl. Ex. 10 at 3:8-16 (Response to RFP 1).

Upon receipt of Profant's discovery responses, Edifecs immediately initiated the meet and confer process, in anticipation of bringing a motion to compel.[9] *Id*., Ex. 11. During these communications, Profant and Welltok's joint counsel revealed that they had permitted Profant to self-collect his own documents. *Id*., Exs. 11-12. Moreover, this same counsel was unaware of what devices, social media accounts, or email accounts (if any) Profant had purportedly searched. *Id*. On May 24, 2017, Edifecs served federal subpoenas on Welltok, Profant, and the rest of the subject employees. *Id*., Ex. 13. On June 7, 2017, Welltok and its employee subpoenants responded to Edifecs subpoenas through joint counsel. On November 30, 2017, after months of additional meeting and conferring, and protracted delays by Profant and Welltok, they and the employee subpoenants finally produced documents in response to Edifecs' document requests and subpoenas. Among this production were communications between Profant and Edifecs employees, which Profant previously swore under oath did not exist, including for example, an email he received from John Schlicting attaching Schlicting's resume. *Id*., Ex. 9. However, because Welltok ignored its obligation to preserve documents and communications, hundreds of text messages and other relevant communications had already been destroyed by the time of Welltok and Profant's belated production.

Among the records that Welltok failed to preserve were Welltok's sales-related job postings for the specific time period relevant to this case. Up until at least July 30, 2017 (several

---

Welltok's CFO; Ashley Pavone, a Welltok Senior Human Resources official; Carla Lopez, another Senior Human Resources official; Derek Worley, Welltok's Lead Talent Acquisition specialist; and Tiffany Herrick, Welltok's Vice President, Financial Planning and Analysis and Business Operations.

[9] Also on April 11, 2017 Profant removed Edifecs' case to federal court. *See Edifecs, Inc. v. David Profant*, Case No. 2:17-cv-00557-JLR (W.D. Wash.), Dkt. No. 1.

months after Welltok *admits* it was aware of its obligation to preserve evidence related to its recruitment of Edifecs employees), Welltok had access to these sales-related job postings, which Edifecs had specifically subpoenaed. *See id.*, Exs. 13, 14 at 6:17-19. But because Welltok failed to preserve, collect, or produce documents relevant to this case, these records were irretrievably lost when Welltok switched to a new job posting system in August 2017. *Id.*, Ex. 14.

### 2. Welltok's Continued Discovery and Litigation Misconduct

On May 3, 2018, counsel for Profant and Welltok counsel filed a notice of death in the Profant action, and the Court stayed the case pending substitution of Profant's personal representative. Edifecs subsequently dismissed its claims against Profant and on July 24 initiated this action against Welltok. Dkt. No. 1. Approximately 6 months into this case, Welltok belatedly tendered defense of the case to an insurer, resulting in substitution of new insurance counsel on February 1, 2019.[10] This substitution caused substantial delay to the progress of Edifecs' discovery efforts, as well as its attempts to schedule mediation. Welltok also engaged in dilatory discovery tactics: it failed to serve timely written responses to Edifecs' first, second, and third sets of RFPs, Edifecs' first and second sets of Interrogatories, and Edifecs' requests for admission. Moreover, in each instance, when Welltok belatedly served untimely written responses, the responses were incomplete and inaccurate, reflecting a cavalier attitude to this litigation in general and to its discovery obligations in particular.

For example, Edifecs propounded requests for production of documents on January 11, 2019. On February 20, 2019, after repeated inquiries by Edifecs' counsel, Welltok falsely stated that it had already produced all requested documents, such as all documents mentioning "Edifecs" and all recruiting communications between Hinkle and Edifecs employees. Uriarte Decl. Ex. 5 at p. 16-18, 24. Yet over the past few months, as Edifecs repeatedly announced its intent to seek relief from this Court to compel production of these documents, Welltok has "found" and produced a large number of new documents collected from the email accounts of Profant, Hinkle, and other key custodians. These include emails from Hinkle to Edifecs

---

[10] The subject policy, on its face, excludes from coverage Edifecs' claims. It appears that the insurance detour was a pure delay tactic.

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR                 - 6 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

employees scheduling interviews, as well as confidential Edifecs documents that Profant had improperly removed from Edifecs and emailed to Welltok executives using his Welltok email account.[11]  Indeed, as recently as September 9, 2019, Welltok provided never-before-produced emails from Profant's Welltok email account regarding his hiring of Jennifer Forster.  Uriarte Decl. Ex. 15.  Had Welltok engaged in even a cursory search, these emails should have been discovered and produced long ago, making clear that Welltok never undertook any genuine effort to preserve, collect, or produce documents in this case.  Welltok's repeated discovery misconduct is relevant to the appropriate level of sanctions in this case.  *T-Mobile USA, Inc. v. Terry*, No. 3:11-CV-5655-RBL, 2012 WL 12870489, at *2 (W.D. Wash. July 17, 2012) (striking defendants' answers and entering default as sanctions for pattern of discovery violations and disregard of court's orders; lesser sanctions would not remedy prejudice); *Stanley Black & Decker, Inc. v. D&L Elite Invs., LLC,* No. C 12-04516 SC (LB), 2014 WL 3738327, at *5, *9-11 (N.D. Cal. June 20, 2014) (recommending case-terminating sanctions based on spoliation and discovery misconduct).

### III.    LEGAL STANDARD

Federal Rule of Civil Procedure 37(e) authorizes sanctions for a party's failure to take reasonable steps to preserve electronically stored information ("ESI") when the lost data cannot be replaced through other discovery.  *Newberry v. Cty. of San Bernadino*, 750 F. App'x 534, 537 (9th Cir. 2018)(unpublished); *Matthew Enter., Inc. v. Chrysler Grp. LLC,* No. 13-cv-4236-BLF, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016).  Under Rule 37(e)(2), when a party intentionally destroys evidence, the court may impose terminating sanctions, presume the destroyed evidence was unfavorable, or give the jury an adverse inference instruction.  Spoliation that results from "deliberate or reckless indifference" is effectively the same as an intentional act for purposes of spoliation sanctions.  *See, e.g.*, *Britton v. Wal-Mart Stores E.,*

---

[11] Welltok's failure to timely produce these and several other low-hanging-fruit documents that would have been uncovered by a simple search for the word "Edifecs" in Profant's email account is emblematic of Welltok's failure to conduct a reasonable investigation.  For example, during a late-May 2019 meet and confer call, Welltok's counsel was unaware of which employees email accounts had been preserved or collected and did not even know which of the subject employees continued to be employed by Welltok.  Uriarte Decl. Ex. 19.

*L.P.*, No. 4:11cv32-RH/WCS, 2011 WL 3236189, at *13 n.3 (N.D. Fla. June 8, 2011). Spoliation need only be shown by a preponderance of the evidence. *Compass Bank v. Morris Cerullo World Evangelism*, 104 F. Supp. 3d 1040, 1053 (S.D. Cal. 2015).

### IV.  ARGUMENT

**A.  Welltok's Duty to Preserve Recruitment-Related Text Messages Commenced in November 2016 and Certainly No Later than March 2017**

"A litigant is under a duty to preserve evidence in its possession or control that the party knows or should have known is relevant to litigation or which might lead to the discover of admissible evidence. *Schneider Nat'l Carriers, Inc. v. Fireworks Nw., LLC*, No. C15-0747RAJ, 2017 WL 2443543, at *2 (W.D. Wash. June 6, 2017). "The duty to preserve precedes the filing of a complaint, attaching as soon as a party should reasonably know that evidence may be relevant to anticipated litigation." *Id.* (citation omitted)*; Rockman Co. (USA) v. Nong Shim Co.*, 229 F. Supp. 3d 1109, 1122 (N.D. Cal. 2017); *Apple Inc. v. Samsung Elecs. Co.*, 881 F. Supp. 2d 1132, 1136 (N.D. Cal. 2012). A litigant need not demand that an adverse party preserve evidence. But, a formal request to preserve evidence has been found to trigger the duty. *See, e.g.*, *Apple*, 881 F. Supp. 2d at 1136.

Here, Welltok's assertion of work product privilege over drafts of the November 13, 2016 Profant Addendum and related communications establish that Welltok anticipated litigation as early as November 2016. *In re Grand Jury Subpoena*, 357 F.3d at 907. Why else would Welltok (or could it, for that matter) assert a privilege that applies only when litigation is reasonably anticipated? Consider also that Welltok directed that all communications from Edifecs or Edifecs' counsel regarding Profant's hiring be sent to Jim Sullivan, Welltok's General Counsel. There can be no question that Welltok anticipated it might be sued. And, even putting the work product invocation and Sullivan's involvement aside, the face of the Addendum makes clear that Welltok anticipated action by Edifecs and its attorneys. Uriarte Decl. Ex. 2.

In any event, even assuming *arguendo* that Welltok did not reasonably anticipate litigation in November 2016, it certainly did in March 2017, when it received notice of the Profant lawsuit and implemented a litigation hold. *See, e.g.*, *Perez v. United States Postal Serv.*,

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR
- 8 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

No. C12-00315 RSM, 2014 WL 10726125, at *3 (W.D. Wash. July 30, 2014) (duty to preserve attached upon notice of investigation); *Keithley v. Home Store.com, Inc.*, No. C-03-04447 SI (EDL), 2008 WL 3833384, at *6 (N.D. Cal. Aug. 12, 2008) (duty to preserve arose *before* suit); *Doe v. Norwalk Cmty. Coll.*, 248 F.R.D. 372, 377 (D. Conn. 2007) (similar).

**B.   Welltok Intentionally and Negligently Spoliated Evidence After its Duty to Preserve Arose**

"A party's destruction of evidence qualifies as willful spoliation if the party has some notice that the documents were potentially relevant to the litigation before they were destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (citation omitted). Here, Welltok's failure to preserve its job posting records amounts to willful spoliation. *See, e.g.*, *Matthew Enter.*, 2016 WL 2957133, at *4-5 (failing to retain emails from previous email system); *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 991-92 (N.D. Cal. 2012) (failure to stop automatic email deletion); *Herson v. City of Richmond*, No. C 09-02516 PJH (LB), 2011 WL 3516162, at *2-4 (N.D. Cal. Aug. 11, 2011) (new operating system "effectively deleted all the files on the hard drive"). "Counsel must communicate with the client, identify all sources of relevant information, and become fully familiar with [the] client's document retention policies, as well as [the] client's data retention architecture." *Rhea v. Washington Dep't of Corr.*, No. C10-0254 BHS KLS, 2010 WL 5395009, at *6 (W.D. Wash. Dec. 27, 2010) (citation omitted); *Leon*, 464 F.3d at 959. At a minimum, there can be no dispute that Welltok's "loss" of its job posting records in August 2017, after Edifecs had formally requested the posting via legal process, amounts to grossly negligent spoliation at best, and, more likely, willful spoliation.

There is no question that the subject messages were also spoliated. That all of the subject messages were destroyed is revealed by the fact that none of them were produced in response to document requests and subpoenas issued to Welltok, Profant, Forster, Dziedzic, and Baehre. Uriarte Decl. ¶ 8, Exs. 13, 18. Welltok, it appears, would have the Court believe that it bears no responsibility for the loss of this evidence, because it had no reason to anticipate litigation and no obligation to preserve evidence; that instead the loss of evidence is just an unfortunate consequence of timing. Welltok's suggestion is preposterous. The rules regarding the obligation

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR
- 9 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

to preserve evidence exist for a reason, and Welltok ignored them. Indeed, it is telling that Welltok did not submit any evidence about its actual efforts to preserve documents in response to the Court's order for letter briefs regarding spoliation. *See* Dkt. No. 24.

*At least* Welltok's agent Profant knew or should have known of Edifecs' potential claims by virtue of the November 13 Addendum he signed, which acknowledged that if Profant assisted Welltok in soliciting Edifecs employees, he would be in breach of his Edifecs employment agreement and thus likely contacted by Edifecs attorneys. Uriarte Decl. Ex. 2. Subsequent to signing the Addendum, Profant referred to himself as the responsible "hiring manager" for Jennifer Forster, (*Id.*, Ex. 15), and he thus clearly had the requisite mental state that triggered the duty to preserve. Profant knew he was breaching his contract and knew that Welltok was concerned about the possibility of communications from Edifecs lawyers. Nevertheless, Profant did not preserve the hundreds of text messages he exchanged with at least Forster, Dziedzic, and Baehre throughout November, December, and January.

An employer is responsible for its agent's intentional spoliation. *See Dykes v. BNSF Ry. Co.*, No. C17-1549-JCC, 2019 WL 1128521, at *6 (W.D. Wash. Mar. 12, 2019) ("It is not uncommon for courts to hold principals liable for spoliation committed by their agents."); *Ramos v. Swatzell*, No. CV 12-1089, 2017 WL 2857523, at *6 (C.D. Cal. June 5, 2017) (imputing former employee's spoliation to defendant);[12] *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 803 F. Supp. 2d 469, 506-07 (E.D. Va. 2011) (employees' spoliation was not outside the scope of their employment where devices were used in the course of employment and in furtherance of employer's business); *Phillips Elecs. N. Am. Corp. v. BC Tech.*, 773 F. Supp. 2d 1149, 1207 (D. Utah 2011) (imputing executives' spoliation to employer); *see also N.J. Mfrs. Ins. Co. v. Hearth & Home Techs., Inc.*, No. 3:06-CV-2234, 2008 WL 2571227, at *7 (M.D. Pa. June 25, 2008). Profant's destroyed text messages were communications with Welltok employees and prospective employees, during a time when Profant was acting on Welltok's

---

[12] Corporations are charged with knowledge of facts known to high-ranking executives, such as Vice Presidents. *E.g., J.M.S. Farms,* 68 Wn. App. at 158. In addition, "[A]n employer is liable for acts of his employee within the scope of the latter's employment notwithstanding such acts are done in violation of rules, orders, or instructions of the employer." *See, e.g., Rahman v. State*, 170 Wn.2d 810, 818 (2011).

1  behalf to recruit, and assist in the hiring of, the recipients of the text messages.  The text
2  messages were thus *Welltok* communications.  The same is true of texts sent by Forster, Baehre,
3  and Dziedzic, who engaged in the spoliated text communications in contemplation of benefiting
4  Welltok and after their official start dates.  Welltok had a duty to determine what responsive
5  documents existed by speaking to its employees, *Small v. University Medical Center*, No. 2:13-
6  cv-0298, 2018 WL 3795238, at *60 (D. Nev. July 31, 2018), as well as a duty to properly instruct
7  the employees on their preservation obligations.  *See Google Inc. v. Am. Blind & Wallpaper
8  Factory, Inc.*, No. C 03-5340, 2007 WL 1848665, at *4 (N.D. Cal. June 27, 2007).  Welltok
9  apparently did neither of these things.

**C.   The Subject Evidence Cannot be Replaced, Causing Prejudice to Edifecs**

11       Edifecs is not required to show that the intentional destruction of evidence caused it
12  prejudice.  Fed. R. Civ. P. 37(e)(2), Adv. Comm. Notes to 2015 Amendment.  "This is because
13  the finding of intent required by the subdivision can support not only an inference that the lost
14  information was unfavorable to the party that intentionally destroyed it, but also an inference
15  that the opposing party was prejudiced by the loss of information that would have favored its
16  position."  *Id.; accord Leon*, 464 F.3d at 960 (affirming finding of prejudice; deleted files "could
17  have been relevant to [defendant's] claims or defenses, although it is impossible to identify
18  which files and how they might have been used"); *OmniGen Research v. Wang*, 321 F.R.D. 367,
19  371-72 (D. Or. 2017).  Yet, Edifecs' case easily demonstrates prejudice.

20       With respect to text message communications, even though "the court will never know
21  how much relevant material was lost," the timing of the communications, the nature of this case,
22  and the circumstances surrounding the recruitment of the employees makes it highly likely that
23  the destroyed evidence was at least relevant, and likely critical.  *See Apple*, 881 F. Supp. 2d at
24  1149.  This circumstantial evidence is sufficient to establish prejudice for purposes of spoliation
25  sanctions.  *Id.*  And with respect to the job postings, the prejudice to Edifecs is manifest: Welltok
26  hopes to have its witnesses testify that they applied in response to job postings which never
27  existed, knowing that no records remain with which Edifecs can impeach such testimony.

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR                         - 11 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

Forcing a party to go to trial on "incomplete" evidence is prejudicial. *Stanley Black & Decker*, 2014 WL 3738327, at *10; *Leon,* 464 F.3d at 959 (finding prejudice where spoliation threatens parties "ability to go to trial" or "interfere[s] with the rightful decision of the case.") (citation omitted). In fact, the "failure to produce documents as ordered is by itself prejudice enough to authorize terminating sanctions." *Stanley Black & Decker*, 2014 WL 3738327, at *10.

### D.  Adverse Inference Sanctions are Appropriate

Rule 37(e)(2) permits a court to issue three types of sanctions for intentional spoliation: (1) a presumption that the lost evidence was unfavorable to the spoliating party, (2) an instruction to the jury that it may or must presume the information was unfavorable to the spoliating party, and (3) default judgment. Fed. R. Civ. P. 37(e)(2). Here, Welltok's rampant spoliation and pattern of recalcitrance throughout the history of this case would warrant terminating sanctions. *See, e.g.*, *T-Mobile USA, Inc.*, 2012 WL 12870489, at *2. Nevertheless, Edifecs seeks only the lesser sanctions of a presumption that the lost evidence was unfavorable to Welltok, an appropriate instruction to the jury on this presumption, and an order precluding Welltok from offering evidence that Edifecs cannot rebut due to Welltok's spoliation. *See, e.g.*, *BNSF Ry. Co.*, 2019 WL 1128521 at *7.

### CONCLUSION

Edifecs attempted to avoid bringing this motion for as long as it could, but Welltok's recalcitrance has forced the issue. Delay of the magnitude exhibited by Welltok is unacceptable, and Edifecs has already been substantially prejudiced. The Court's case management schedule cannot bear the burden of any further delay. Only a firm order from the Court can bring Welltok into compliance with its discovery obligations. Edifecs respectfully requests that the Court enter relief as outlined in the proposed order submitted to the Court in connection with this filing.

MOTION FOR SANCTIONS
Case No: 2:18-cv-01086-JLR
- 12 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

| | | |
|---|---|---|
| 1 | Dated: September 20, 2019 | ORRICK, HERRINGTON & SUTCLIFFE LLP |

By:  *s/Aravind Swaminathan*
     *s/Nicole M. Tadano*
     *s/Robert L. Uriarte*
     *s/James Pooley*

Aravind Swaminathan (WSBA No. 33883)
aswaminathan@orrick.com
Nicole M. Tadano (WSBA No. 40531)
ntadano@orrick.com

701 Fifth Avenue
Suite 5600
Seattle, WA  98104-7097
Telephone:  206 839 4300
Facsimile:  206 839 4301

Robert L. Uriarte (admitted *pro hac vice*)
ruriarte@orrick.com
1000 Marsh Road
Menlo Park, CA 94025
Telephone:  650-289-7105
Facsimile:  650-614-7401

JAMES POOLEY LAW OFFICES PLC

James Pooley (admitted *pro hac vice*)
james@pooley.com

325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone:      650-285-8520

*Attorneys for Plaintiff Edifecs, Inc.*

MOTION FOR SANCTIONS
Case No:  2:18-cv-01086-JLR
- 13 -
ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300