1

2

3

4

5

6

7

8

9

10

11

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., a Washington corporation, | NO. 2:18-CV-1086 JLR |
| Plaintiff, | **DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE** |
| vs. | |
| WELLTOK, INC., a Delaware corporation, | |
| Defendant. | |
| | **The Honorable James L. Robart**<br>**Hearing Date:  October 11, 2019** |
| | **ORAL ARGUMENT REQUESTED** |

12

13

14

15

16

17

18

19

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

**DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 1**

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

1

## TABLE OF CONTENTS

2

Page

3    I.     INTRODUCTION ..................................................................5

4    II.    FACTUAL BACKGROUND .................................................5

5    III.   PROCEDURAL BACKGROUND ........................................6

6    IV.    LEGAL STANDARD ...........................................................9

7    V.     ARGUMENT .......................................................................10

8           A.     Edifecs' Failure to Pursue Discovery and Voluntary
                   Dismissal of the *Profant* Matter, Cannot be Blamed

9                  on Welltok ..............................................................10

10          B.     Edifecs Failed to put Anybody on Notice that it
                   Believed Text Messages or job Postings were Relevant
                   Before they were Deleted in the Normal Course

11                 of Business ...............................................................11

12          C.     Edifecs Failed to Establish that Welltok had any
                   Control over the Text Messages or Personal Mobile

13                 Devices of Individual Employees ...........................13

            D.     Welltok Took Appropriate Steps to Safeguard and

14                 Produce Relevant Evidence ....................................12

            E.     Texts Between Profant and Forster, Arnone,

15                 Schlichting, Baehre, and Dziedzic are not Relevant to
                   Edifecs' Claim that Welltok Tortiously Interfered with

16                 their Employment ...................................................13

17    VI.    CONCLUSION ...................................................................16

18

19

20

21

22

23

24

25

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 2

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

<u>Cases</u>

*Akiona v. United States*, 938 F.2d 158 (9th Cir.1991) .....................................9, 11

*Brandt v. Vulcan, Inc.*, 30 F.3d 752 (7th Cir.1994) .......................................10, 11

*Calbom v. Knudtzon*, 65 Wn.2d 157, 396 P.2d 148 (1964) ...................................15

*Chance v. Pac–Tel Teletrac Inc.*, 242 F.3d 1151 (9th Cir.2001)...........................11

*Commodore v. University Mechanical Contractors, Inc.*, 120 Wn.2d 120,
839 P.2d 314 (1992)...............................................................................................15

*Compass Bank v. Morris Cerullo World Evangelism,*
104 F.Supp.3d 1040 (S.D. Cal. 2015) ...................................................................9

*Conkle v. Jeong*, 73 F.3d 909 (1995) ....................................................................11

*Ellwein v. Hartford Acc. & Indem. Co.*, 95 Wn. App. 419,
976 P.2d 138 (1999).............................................................................................12

*Gaglidari v. Denny's Restaurants, Inc.*, 117 Wn.2d 426,
815 P.2d 1362 (1991)...........................................................................................16

*Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494 (D.Md.2009) ...................10

*Hammann v 800 Ideas, Inc.,* 2010 WL 4943991 (D. Nev. Nov. 22, 2010)............9

*Hauser v. Farrell*, 14 F.3d 1338 (9th Cir. 1994) ...................................................11

*Hein v. Chrysler Corp.*, 45 Wn.2d 586, 277 P.2d 708 (1954) ..............................15

*Henderson v. Tyrrell*, 80 Wn. App. 592, 910 P.2d 522 (1996).....................12, 13

*Houser v. City of Redmond*, 91 Wn.2d 36, 586 P.2d 482 (1978) .........................15

*Kitsap Physicians Serv.*, 314 F.3d 909 (9th Cir. 2002)....................................9, 11

*Krause v. Nevada Mut. Ins. Co.*, 2014 WL 496936 (D.Nev. Feb. 6, 2014)............9

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 3

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

**Page**

*Leingang v. Peirce County Medical Bureau, Inc.*, 131 Wn.2d 133,
930 P.2d 288 (1997)......................................................................................15

*Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520 (9th Cir. 1989)...............................11

*Mercy v. County of Suffolk, New York*, 748 F.2d 52 (2d Cir. 1984) ....................11

*In re Napster, Inc. Copyright Litig.*, 462 F. Supp. 2d 1060,
1072 (N.D. Cal. 2006)......................................................................................9

*Roger Crane & Assocs. v. Felice*, 74 Wn.App. 769, 875 P.2d 705 (1994) ...........15

*Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009) ...................13

*Shamis v. Ambassador Factors Corp.*, 34 F.Supp.2d 879 (S.D.N.Y.1999) .........11

*Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93,
100–01 (D. Md. 2003) ....................................................................................10

*Thompson v. St. Regis Paper Co.*, 102 Wn.2d 219, 685 P.2d 1081(1984)...........16

*Trujillo v. Wal-Mart Stores Inc.*, 356 F.Supp.3d 1068 (W.D. Wash. 2018).........12

*United States v. Kozminski*, 487 U.S. 931, 108 S. Ct. 2751,
101 L. Ed. 2d 788 (1988) ................................................................................15

*Victor Stanley, Inc. v. Creative Pipe, Inc.*, 269 F.R.D. 497 (D.Md.2010).............10

*Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148 (4th Cir. 1995) ........................12

*Westerland v. Argonaut Grill*, 185 Wn. 411, 55 P.2d 820 (1936).......................15

*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, (S.D.N.Y.2003)......................10

**Rules**
FRCP 37(e) ....................................................................................................13
CR 30 (b)(6) ..................................................................................................10
CR 37(b).........................................................................................................12

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 4

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

## I.    INTRODUCTION

Edifecs, Inc. ("Edifecs") seeks a spoliation instruction relating to subpoenas issued in a case it voluntarily dismissed over a year ago.  Over two years ago, Edifecs sued its former employee, David Profant, alleging breach of the non-solicitation provision of his employment agreement.  After Profant's unexpected death in 2018, Edifecs declined to pursue its claim against Profant's estate.

Instead, it changed its theory of the case, dismissed its suit against Profant, and sued Welltok, Inc. ("Welltok").  Edifecs' new theory contends that Profant conspired with Welltok to breach his non-solicitation provision.  Now, with a complete lack of evidence to support its new theory, Edifecs contends that text messages between Profant and others — evidence it never pursued in its first suit, prior to dismissal — will support  its new theory.

## II.    FACTUAL BACKGROUND

Edifecs is a privately-held IT company that assists health insurance companies with claims processing technology.  Cohen Decl., Exs. 5, 7.  By 2015, before Profant was hired by Edifecs, Gurpreet "Sunny" Singh — Edifecs' founder, CEO — and primary investor, sought to grow the company from $100 million to $150 million in income.  Id.  He had one problem however: retention of his senior executives.[1]  See Cohen Decl., Exs. 5, 10, 11.

In 2015, Singh recruited base pay, variable commission and, more importantly, equity in the company.  (*Profant* Complaint, ¶ 2.2)

Profant assembled a team of sales people that he had previously worked with at TriZetto.  Cohen Decl., Ex. 2 (Forster Depo. Trans.), p 29; Ex. 3 (Arnone Depo. Trans.), pp. 11-12.  However, Singh – who ran the company remotely from his home in India – was difficult to work with (Cohen Decl., Ex. 2, pp. 21-25; Ex. 3, p 16; Ex. 3A, pp, 1-3), and Edifecs had significant

---

[1]    Those who left included his Vice President of Sales Operations, his Senior Vice President of Sales ("SVP"), and others.

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 5

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

turn-over. Cohen Decl., Ex. 2, p. 11; Ex. 3, 64:24-65:2; 65:9-16. Over the course of the following year, a number of upper level executives left Edifecs including its CFO. Cohen Decl., Exs. 7, 8, 9, 10, 12, and 13.

With no likely return on his equity, Profant sought work with former TriZetto colleagues at a company called Welltok. Welltok's technology offers insurers, providers, and large employer groups a platform for helping individuals take actions to reach their health goals – whether that be scheduling an exam, refilling a prescription, or getting enough exercise. Cohen Decl., Ex. 2, p. 16. In the fall of 2016, Profant was hired as SVP at Welltok.

Fearing that Profant's departure was a continuing sign of systemic problems at Edifecs, a number of Profant's sales staff — all former TriZetto employees — made independent decisions to find other employment. Cohen Decl., Ex. 2, pp. 29-20; Ex. 3, pp. 9-11. Several of them — including Forster, Arnone, Schlichting, Baehre, and Dziedzic,[2] — applied for sales positions at Welltok and were offered employment. Dkt. 28-8, p. 2; Ex. 3, pp. 9-11.

### PROCEDURAL BACKGROUND

On the strength of its conviction that this could not be a coincidence – and without any evidence — Edifecs filed suit against Profant in March of 2017. *See, Edifecs v. Profant,* USDC Western District of WA, Case No. 2:17-CV-00557-JLR, Order Denying Motion to Dismiss, Dkt. 20 (hereafter, "the *Profant* matter"). Edifecs alleged a single claim: that Profant had solicited other sales employees to work at Welltok. Welltok was not a party to that suit. Upon learning of the suit, Welltok's in-house counsel, Mr. Sullivan, provided litigation hold instructions to the relevant employees — Profant, Chaz Hinkle (Chief People Officer and head of Welltok's human resources department), as well as the employees who applied to work at Welltok: Forster, Arnone, Schlichting, and Baehre. Cohen Decl., Ex. 26, p. 7. Also included was Dziedzic, who applied for a sales position at Welltok after his termination from Edifecs.

---

[2]     Dziedzic's employment was terminated by Edifecs. Cohen Decl, Exs. 2, 3.

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 6

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

In June of 2017, Edifecs contended that the evidence in support of its claim against Profant was "uniquely in Profant's possession."  Dkt. 24-1, Ex. 1 (Bhardwaj Depo. Trans.) p. 6, lns. 10-11.  In its requests, Edifecs sought Profant's personal text messages and emails, his Welltok emails, and multiple, overly broad categories of irrelevant documents, to which Profant's counsel objected.  Dkts. 28-4; 28-10; 28-18; 24-2; and 24-3, pp. 1-2; Cohen Decl., Ex. 21.

Edifecs also issued subpoenas to Welltok[3] and to Forster, Arnone, Schlichting, Baehre, and Dziedzic with similarly overly broad and irrelevant requests, which also spurred numerous objections.  Cohen Decl., Ex. 21**.**  Counsel communicated to Edifecs that it considered the requests an overbroad, irrelevant fishing expedition in light of the single claim pending asserted against Profant.  Id. at pp. 1-3; Dkt. 28-10.

On June 7, Profant's counsel proposed an e-discovery protocol to search and produce existing, relevant records including emails from Profant's Welltok and personal email accounts and text messages from Profant.  Cohen Decl., Ex. 21, p. 3.

 Edifecs counsel did not challenge these objections, did not object to the proposed e-discovery protocol, and did not seek further discovery.  It also did not move to compel production or enforce the subpoenas.  Profant's counsel provided discovery according to the proposed protocol. Dkt. 24-5, p. 1.  Text message exchanges from Profant were produced[4] along with emails and other electronically stored information from Welltok – including hiring documents relating to Forster, Arnone, Schlichting, Baehre, and Dziedzic.  Id.  Cohen Decl., ¶ 26. (Profant 1–4419).  Profant's mobile carrier records were produced in redacted form.  Cohen Decl., Ex. 22; Dkts. 24-4; 24-5.  Profant's counsel also identified the personal mobile telephone

---

[3]      Dkt.  28-13.

[4]      Dkt. 24-2, pp. 3, 7-8.

**DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 7**

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

1  numbers of each of the individuals Profant was alleged to have solicited on his mobile carrier's

2  records.  Dkt. 24-5, p. 1.

3      In March 2018, Profant died unexpectedly.  *Profant,* Dkt. 29.  Although the suit had been

4  pending for over 12 months, no depositions were taken.  Neither Profant's death, nor the lack of

5  evidence that Profant did anything wrong,[5] deterred Edifecs from pressing forward.

6      By April of 2018, counsel for Edifecs wrote to counsel for Profant to express concern

7  about the lack of text messages from Profant.  He wrote,

8
> the alternative for Edifecs at this point…. is to reposition the litigation so that it is
9  > directed primarily at Welltok, and (depending what emerges from deposition and
    > other discovery), some of the other former Edifecs employees as well.
10

11  Cohen Decl., Ex. 23, p. 1.  In August 2018, Edifecs voluntarily dismissed the *Profant* matter.

12  *Profant,* Dkt. 34.

13      In July of 2018, Edifecs filed suit against Welltok.  Dkt. 1.  Having uncovered no relevant

14  evidence to support its claims against Profant or anyone else, Edifecs asserted "on information

15  and belief" its sales employees left due to Welltok's tortious interference.  *See,* Dkt. 12.

16      Edifecs reissued its broad and irrelevant discovery requests, which were redundant to the

17  requests for documents and information it already had in its possession from the *Profant* matter.

18  *See*, Dkts. 28-4; 28-5; 24-8; 24-9.

19      Unsatisfied with the documents previously produced, Edifecs demanded additional

20  searches to be carried out including new email searches for Profant, Forster, Arnone, Schlichting,

21  Baehre, and Dziedzic.  Cohen Decl., Exs. 24, 25.  Ultimately, approximately 3,936 documents

22  were produced by Welltok – the vast majority of which were duplicative of the prior production.

23  Cohen Decl., ¶ 29.  None of the documents evidenced any correspondence between Profant and

24  any of the former Edifecs' employees relating to solicitation or hiring at Welltok.  Undaunted by

25

---

[5]      Cohen Decl., Ex. 6.

**DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 8**

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

the complete lack of evidence,[6] and unwilling to take any of the Welltok depositions repeatedly offered, in August of 2019, Edifecs reissued the same subpoenas to the same people for the same documents it failed to pursue in June of 2017.  (Cohen Decl., Exs. 15-20.)  This included text messages between Profant and each individual on their personal mobile device.  In September 2019, Edifecs finally began taking depositions of these witnesses.  Cohen Decl., Ex. 1.  None of the deposed witnesses have text messages from the relevant time period.   Cohen Decl., ¶ 33; Exs. 2, 3, 27.

Edifecs now seeks to hold Welltok responsible for text messages from the individuals' personal devices that it failed to pursue in the *Profant* case in June of 2017.   Edifecs also seeks to hold Welltok responsible for changing its 2017 job posting platform which resulted in the loss of associated documents, although these documents were never pursued in the *Profant* matter. Dkt. 24-10, p. 6.

## I.      LEGAL STANDARD

Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation.  *Kitsap Physicians Serv.,* 314 F.3d 909, 1001 (9th Cir. 2002) (*citing Akiona v. United States,* 938 F.2d 158, 161 (9th Cir.1991) (a party engages in spoliation only if they had some notice that the documents were potentially relevant to the litigation before they were destroyed)).

The applicable standard of proof for spoliation in the Ninth Circuit appears to be by a preponderance of the evidence.  *Compass Bank v. Morris Cerullo World Evangelism*, 104 F.Supp.3d 1040, 1052–53 (S.D. Cal. 2015) *citing Krause v. Nevada Mut. Ins. Co.,* 2014 WL 496936, at *7 (D.Nev. Feb. 6, 2014); *Hammann v 800 Ideas, Inc.,* 2010 WL 4943991 (D. Nev. Nov. 22, 2010); *In re Napster,* 462 F.Supp.2d at 1072.

---

[6]      Cohen Decl., Ex. 1, pp. 2-4; Ex. 1A; Ex. 4, pp. 2-6.

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 9

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

A party seeking sanctions for spoliation of evidence must prove: (1) the party having control over the evidence had an obligation to preserve it when it was destroyed or altered; (2) the destruction or loss was accompanied by a "culpable state of mind;" and (3) the evidence that was destroyed or altered was "relevant" to the claims or defenses of the party that sought the discovery of the spoliated evidence[.]" *Goodman v. Praxair Servs., Inc.*, 632 F.Supp.2d 494, 509 (D.Md.2009) (quoting *Thompson v. U.S. Dep't of Hous. & Urban Dev.*, 219 F.R.D. 93, 100–01 (D. Md. 2003); *see Victor Stanley, Inc.* v. *Creative Pipe, Inc.* ("Victor Stanley II"), 269 F.R.D. 497, 520–21 (D.Md.2010); *Zubulake v. UBS Warburg* LLC, 220 F.R.D. 212, 216 (S.D.N.Y.2003).

As explained further below, because Edifecs cannot demonstrate any aspect of spoliation as required, Welltok respectfully asks the Court to deny its motion.

## IV.    ARGUMENT

### A.    Edifecs' Failure to Pursue Discovery and Voluntary Dismissal of the *Profant* Matter, Cannot be Blamed on Welltok.

By waiting more than a year after it dismissed the *Profant* suit and before taking action, any fault for missing information belongs entirely to Edifecs.

The text messages Edifecs now claims are crucial was voluntarily abandoned.  Edifecs accepted counsel's objections and failed to timely move to enforce the subpoenas or otherwise compel discovery.  Edifecs did not pursue obtaining non-party mobile devices, or seek to carry out a forensic investigation on those devices.  As a result, the text messages were deleted by the individuals who owned those devices in their normal course of dealing.  Cohen Decl., Ex. 2, p. 9; Ex. 3, p. 17.

By waiting two years to essentially attempt to enforce the subpoenas issued in the *Profant* matter, Edifecs' motion is untimely.  *See Brandt v. Vulcan, Inc.*, 30 F.3d 752, 756 (7th Cir.1994) (observing that, in the context of Rule 37(b), "unreasonable delay" standard applies even in the

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 10

Betts Patterson Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

absence of a specified time limit); *Mercy v. County of Suffolk, New York*, 748 F.2d 52, 56 (2d Cir.1984) ("[A] motion for Rule 37 sanctions should be promptly made, thereby allowing the judge to rule on the matter when it is still fresh in his mind...."); *Shamis v. Ambassador Factors Corp.,* 34 F.Supp.2d 879, 886 (S.D.N.Y.1999) ("While Rule 37 does not establish any time limits within which a motion for sanctions must be filed, unreasonable delay may render such motions untimely").

Edifecs cannot now hold Welltok responsible for its own failure to pursue discovery. Edifecs had the obligation to diligently pursue discovery in support of its claims.  *See, Chance v. Pac–Tel Teletrac Inc*., 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001)(a district court does not abuse its discretion if the moving party "failed diligently to pursue discovery") (internal quotation marks and citation omitted).  *See also, Conkle v. Jeong*, 73 F.3d 909, 914 (1995) ("the district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past." (internal quotation omitted); *also see*, *Hauser v. Farrell*, 14 F.3d 1338, 1340–41 (9th Cir.1994) (failure to take three depositions for over a year constitutes a lack of diligence); *Mackey v. Pioneer Nat'l Bank*, 867 F.2d 520, 524 (9th Cir.1989) (failure to take advantage of additional month of discovery granted by district court showed lack of diligence).

Here, Edifecs waited more than two years it issued subpoenas and a year after the *Profant* matter was dismissed before seeking a remedy for text messages.  As Edifecs failed to diligently pursue discovery in the *Profant* matter, and has unreasonably delayed filing its motion, it motion is untimely.

**B.    Edifecs Failed to put Anybody on Notice that it Believed Text Messages or job Postings were Relevant Before they were Deleted in the Normal Course of Business.**

A party engages in spoliation only if it had some notice that the documents were potentially relevant to the litigation before they were destroyed. *Kitsap Physicians Serv.,* 314 F.3d at 1001 (*citing Akiona v. United States,* 938 F.2d 158, 161 (9th Cir.1991).  In

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

other words, there must be evidence of willful conduct resulting in the loss of the evidence. *Trujillo v. Wal-Mart Stores Inc.*, 356 F.Supp.3d 1068, 1076–77 (W.D. Wash. 2018) *citing Henderson v. Tyrrell*, 80 Wn. App. 592, 609, 910 P.2d 522 (1996) (*citing*, in turn, *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 156 (4th Cir. 1995)).

Edifecs acknowledged that it sought expedited discovery from the Court when this matter was first filed.  Had Edifecs believed that text messages or job postings were relevant to its claims, the request for expedited discovery was the appropriate time for Edifecs to inform those it believed to be in possession of those items.  This it did not do.

Neither Edifecs' Initial Disclosure in the *Profant* matter (Cohen Decl., Ex. 14), nor the parties Discovery Plan (*Profant*, Dkt. 24) identifies Welltok as potentially having relevant information to preserve, let alone makes any reference to obtaining or retaining text messages from personal mobile devices as a subject under ESI.

Each former employee deposed to date testified that they normally deleted text messages in the normal course of use of their mobile device.  Cohen Decl., ¶ 33; Ex. 2, p. 9; Ex. 3, p. 17.  Edifecs offers no evidence to the contrary.

Similarly, Edifecs failed to put Welltok on notice that it believed its historical job postings were relevant or should be preserved.  Hinkle, Welltok's CR 30(b)(6) designee, testified that Welltok switched from one job posting platform to another, rendering the historical information unavailable well before suit had been filed against Welltok or the documents requested.  Cohen Decl., ¶ 33.

Therefore, there is no basis for this Court to find that spoliation occurred.

Washington State Courts have also rejected a post-hoc approach to claims of spoliation after dismissal of a lawsuit.  In *Ellwein v. Hartford Acc. & Indem. Co.*, 95 Wn. App. 419, 430, 976 P.2d 138, 145 (1999), *aff'd in part, rev'd in part*, 142 Wn.2d 766, 15 P.3d 640 (2001), *as amended* (Jan. 18, 2001), the court determined that destruction of notes in a file after a lawsuit

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 12

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

1  has been dismissed did not establish a claim for spoliation.  Where "the real culprit … is the

2  passage of time" there is no basis for spoliation.  *Henderson*, 80 Wn. App. at 596.

3  **C.    Edifecs Failed to Establish that Welltok had any Control over the Text Messages or

4  Personal Mobile Devices of Individual Employees.**

5        Even if Edifecs had put the non-parties on notice, Welltok is not responsible for

6  preservation of text information on its employees' personal mobile devices as such information

7  is not in its care, custody, or control; Welltok did not issue mobile phones to its employees.

8  Cohen Decl., Ex. 2, pp. 2, 4.  Any responsibility Welltok could have had relating to preservation

9  of text messages on an employees' personal device was fulfilled upon issuing litigation hold

10  notices to the relevant employees.

11        Text messaging is a form of communication between telephones.  *Satterfield v. Simon &*

12  *Schuster, Inc.,* 569 F.3d 946, 952-54 (9th Cir. 2009) (a text message is a "call" within the

13  meaning of the TCPA.)  The mobile devices used to create and send the text messages at issue

14  here, are personal devices that belong to the individual employees and former employees of both

15  Edifecs and Welltok.   There is no evidence that Welltok has any more control over its

16  employees' personal mobile devices than Edifecs did.[7]  In fact, many of the text messages sought

17  pre-date employment by Welltok, and fell within the time those individuals worked for Edifecs.

18        The complete absence of evidence in the record to suggest that Welltok had any control

19  over its employees' personal mobile devices is, alone, sufficient to deny Edifecs' motion.

20  **D.    Welltok Took Appropriate Steps to Safeguard and Produce Relevant Evidence.**

21        When Welltok learned of the *Profant* matter, it took reasonable steps to preserve

22  documents and ESI relevant to Edifecs' claim that Welltok tortiously interfered in the

23  relationship with its employees by extending them offers of employment and hiring them when

24  they accepted.  Cohen Decl., Ex. 26, p. 7.  Pursuant to FRCP 37(e), Welltok issued litigation

25

---

[7]        To the extent Edifecs contends it has control over its employees personal mobile devices, it is unclear why Edifecs did not take its own steps to preserve this evidence.

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 13

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

hold notices to the relevant custodians, including Hinkle, Profant, and the employees mentioned in the *Profant* Complaint.  Id.

After the *Welltok* matter was filed, the undersigned obtained a copy of the documents produced in the *Profant* matter and provided them to Edifecs.  Cohen Decl., ¶ 26.  The undersigned also worked with counsel for Edifecs to identify custodians, as well as search terms.  A third-party vendor was retained, searches were performed, and relevant, non-privileged documents were produced, including Welltok emails related to the hiring and onboarding of Profant, Forster, Arnone, Schlichting, Baehre, and Dziedzic.  Id.

**E.    Texts Between Profant and Forster, Arnone, Schlichting, Baehre, and Dziedzic are not Relevant to Edifecs' Claim that Welltok Tortiously Interfered with their Employment.**

Finally, text messages between Profant and other, former Edifecs employees are not relevant to allegations that Welltok solicited them for several reasons.

First, there is simply no indication that any of the texts – even if they were recovered — would favor Edifecs, as opposed to Welltok.  The evidence in the record indicates that Profant and the others had been friends long before they were co-workers at Edifecs.  Cohen Decl., Ex. 2, pp. 11-15.  Baehre and Profant had been personal friends for about 20 years; Forster and Profant had been friends for over 10 years.  Cohen Decl., Ex. 2.  They knew each other's children and families and regularly socialized outside of work.  Cohen Decl., Ex. 2, pp. 12-15; Ex. 3, p. 9.  The group regularly exchanged personal social texts that were unrelated to work.  Id. also Cohen Decl., Ex. 2, p. 8.

At least some of the texts exchanged between November and February were holiday greetings.  Cohen Decl., Ex. 2, pp. 8-9.  At his deposition, Baehre had a specific memory of a Baehre Family Christmas photo that he believed to be the subject of a lot of correspondence.  Cohen Decl., ¶ 33.

DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF
EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO
SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 14

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

Even Edifecs-related text messages are not necessarily relevant to solicitation. Profant and Baehre communicated about a deal they had worked together on for Edifecs even after Profant was no longer employed there; Profant continued to help Baehre close the deal.

Next, Welltok specifically excluded hiring and/or recruitment of Edifecs employees from Profant's scope of employment at Welltok. Dkt. 24-6. Welltok instructed Profant as to this limitation over the phone, in person, and in writing.[8] Therefore, even if Profant had texted former Edifecs employees about employment — and there is no evidence he did — he was not acting within the course and scope of his employment at Welltok.[9] Dkt. 24.6. Welltok can only be liable for employees that act in the course and scope of their employment. *Westerland v. Argonaut Grill*, 185 Wn. 411, 55 P.2d 820 (1936); *Hein v. Chrysler Corp.,* 45 Wn.2d 586, 599–600, 277 P.2d 708, 716 (1954) (an employer will not be bound by the misconduct or the negligence of his employee when the employee is acting for purposes of his own and not in the furtherance of any legitimate interest of his employer).

Moreover, crucial elements of Edifecs' claim for tortious interference[10] are missing. In brief: Edifecs can have no lawful property interest in the continued employment of at-will employees. *See, United States v. Kozminski*, 487 U.S. 931, 942-43, 108 S. Ct. 2751, 2759, 101 L. Ed. 2d 788 (1988) (defining "involuntary servitude" in the context of federal law interpreting

---

[8]    Forster, Arnone, and Baehre all testified that Profant did not solicit them; they applied for employment at Welltok after making the decision to leave Edifecs. Cohen Decl., Ex. 2, p. 18; Ex. 3, pp. 9-12, 19-20. Edifecs' one witness who was purportedly the "victim" of attempted solicitation by Profant has now testified that Profant did not solicit him. Cohen Decl., Ex. 1; Ex. 1A; Dkt. 4.

[9]    By law, Profant cannot tortiously interfere with his own contract. *Houser v. City of Redmond*, 91 Wn.2d 36, 39–40, 586 P.2d 482, 484–85 (1978). The interferor must be an intermeddling third party; a party to a contract cannot be held liable in tort for interference with that contract. *Id. citing Calbom v. Knudtzon*, 65 Wn.2d 157, 396 P.2d 148 (1964); *Hein v. Chrysler Corp.,* 45 Wn.2d 586, 277 P.2d 708 (1954).

[10]    Tortious interference requires: (1) the existence of a valid contractual relationship or business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage. *Citing Commodore v. University Mechanical Contractors, Inc.,* 120 Wn.2d 120, 137, 839 P.2d 314 (1992); *Roger Crane & Assocs.,* 74 Wn.App. 769, 777–78, 875 P.2d 705 (1994); *Leingang v. Peirce County Medical Bureau, Inc.*, 131 Wn.2d 133, 157, 930 P.2d 288, 300 (1997).

**DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 15**

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

the Thirteenth Amendment to the U.S. Constitution as including situations where an individual has no available choice but to work or be subject to legal sanction).  An employment contract is terminable at will by either the employee or employer,[11] and Washington courts have declined to require the judiciary to potentially insert itself into the at-will employment relationship. *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219*,* 227–28, 685 P.2d 1081(1984).

There is also no evidence of any action taken by Welltok for any improper purpose or by improper means.  *See*, *Gaglidari v. Denny's Restaurants, Inc.,* 117 Wn.2d 426, 447, 815 P.2d 1362, 1373–74 (1991)(declining to expand tort remedies in the employment context because it would be difficult if not impossible to formulate a rule that would assure that only "deserving" cases give rise to tort relief).  Since Welltok does not compete with Edifecs, it gains no undue advantage over Edifecs by hiring former Edifecs employees.

## CONCLUSION

The Court should deny Edifecs' Motion.  For the reasons set forth above, there is no evidence of spoliation by Welltok, and Edifecs is not entitled to an adverse inference.

DATED this 9th day of October 2019.

BETTS, PATTERSON & MINES


By:  */s/ Anne Cohen*
Anne Cohen, WSB #41183
Attorneys for Welltok, Inc.

---

[11]     *Thompson v. St. Regis Paper Co.,* 102 Wn.2d 219, 223, 685 P.2d 1081, 1084 (1984) *citing Roberts v. ARCO,* 88 Wn.2d 887, 894, 568 P.2d 764 (1977); *Lasser v. Grunbaum Bros. Furniture Co.,* 46 Wn.2d 408, 410, 281 P.2d 832 (1955).

**DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE - 2:18-CV-1086 JLR - 16**

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2019, the foregoing **DEFENDANT WELLTOK, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF EDIFECS, INC.'S MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE** was electronically filed with <u>US District Court for the Western District of Washington</u> through the CM/ECF eFiling system.

I further certify that on October 9, 2019, I served a copy of the foregoing on:

| | |
|---|---|
| Aravind Swaminathan<br>Nicole Tadano<br>Orrick, Herrington & Sutcliffe LLP<br>701 Fifth Ave., Suite 5600<br>Seattle, WA  98104-7097<br>**Fax:  206-839-4301**<br>**Email: aswaminathan@orrick.com**<br>**ntadano@orrick.com**<br>*Of Attorneys for Plaintiff* | Robert L. Uriarte (*pro hac vice*)<br>Orrick, Herrington & Sutcliffe LLP<br>1000 Marsh Road<br>Menlo Park, CA  94025<br>**Fax:  650-614-7401**<br>**Email: ruriarte@orrick.com**<br>*Of Attorneys for Plaintiff* |
| James Pooley (*pro hac vice*)<br>James Pooley Law Offices PLLC<br>325 Sharon Park Dr., #208<br>Menlo Park, CA  94205<br>**Fax:  -----**<br>**Email: james@pooley.com**<br>*Of Attorneys for Plaintiff* | |

  X   Electronically by the court's eFiling system, if the party was registered.  Service was accomplished at the party's email address as recorded on the date of service in the eFiling system.

  _____ By facsimile at the telephone number listed above.

  X   By (courtesy) email at the email address listed above.

  X   By mailing a copy thereof, placed in a sealed envelope addressed as listed above and deposited in the United States mail at Portland, Oregon, and that postage thereon was fully prepaid.

By *_/s/ Carrie J. Cook_____*
        Carrie J. Cook, CP
        Legal Assistant/Certified Paralegal

Betts
Patterson
Mines
U.S. Bancorp Tower
111 SW Avenue
Suite 3650
Portland, OR 97204
(503) 961-6338