The Honorable James L. Robart

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>WELLTOK, INC., a Delaware corporation,<br><br>Defendant. | Case No. 2:18-cv-01086-JLR<br><br>**REPLY IN SUPPORT OF MOTION FOR EVIDENTIARY SANCTIONS DUE TO SPOLIATION OF EVIDENCE**<br><br>NOTE ON MOTION CALENDAR:<br>October 11, 2019 |

REPLY ISO MOTION FOR EVIDENTIARY
SANCTIONS DUE TO SPOLIATION OF
EVIDENCE: 2:18-cv-01086-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

Welltok's opposition is not only untimely, but it seriously mischaracterizes the facts and the proceedings in a game of hide-the-ball. What matters to this motion is that (a) the obligation to preserve documents attached by November 13, 2016, not just when subpoenas were served; (b) Welltok failed to preserve documents in November 2016, or even after the litigation against Mr. Profant (whose counsel also represented Welltok) began; and (c) as a result, hundreds of relevant text messages and job postings were destroyed. None of these points can be disputed.

### A. Request to strike Welltok's untimely filed opposition and supporting materials

Edifecs requests that the Court strike Welltok's opposition brief and supporting materials, and grant Edifecs' requested relief. *See* LCR 7(g). Edifecs filed this motion on September 20, 2019, noting it on the Court's calendar for October 11. By local rule, Welltok's opposition was due Monday, October 7, 2019. LCR 7(d)(3). With no contemporaneous explanation or apology, Welltok filed its opposition on Wednesday, October 9 at 9:14 p.m. Welltok had 17 calendar days to prepare its opposition. Yet, at no time did it request an extension (even though counsel were together at a deposition on the due date).[1] Declaration of Aravind Swaminathan ("Swaminathan Decl.") ¶ 2. As a result, Edifecs has been prejudiced by having just two days to analyze the opposition and more than 25 exhibits, and to prepare this reply. Such cavalier behavior should not be countenanced. The Court should strike Welltok's opposition, and pursuant to Local Rule 7(b)(2), deem Welltok's failure to timely oppose as an admission that the motion has merit. *See Peters v. Cty. of Kitsap*, No. C07-5431BHS, 2008 WL 149176, at *1 (W.D. Wash. Jan. 11, 2008) (striking untimely response brief).

### B. Welltok reasonably anticipated litigation as of November 2016

Edifecs has presented compelling evidence that Welltok anticipated litigation at least as early as November 13, 2016, when its general counsel, Jim Sullivan, prepared an "addendum"

---

[1] As this reply was being prepared, more than three days after Edifecs gave notice of Welltok's failure to file, counsel for Welltok filed a letter explaining their docketing error. Edifecs understands docketing errors can occur, however, it finds Welltok's explanation lacking. There are only two types of motions that are calendared as Second Friday motions (protective order and relief from deadline), and it is difficult to confuse a motion for evidentiary sanctions for either of these. In addition, if the motion Edifecs filed on September 20 was a Second Friday motion, the correct noting date would have been October 4 (with Welltok's response due on October 2). Welltok thus would have also had to presume that Edifecs made an error in noting the motion for October 11.

REPLY ISO MOTION FOR EVIDENTIARY
SANGTIONS DUE TO SPOLIATION OF           - 1 -           ORRICK, HERRINGTON & SUTCLIFFE LLP
EVIDENCE: 2:18-cv-01086-JLR                                       701 Fifth Avenue, Suite 5600
                                                                  Seattle, Washington 98104-7097
                                                                        +1 206 839 4300

to Mr. Profant's employment agreement that it hoped would insulate it from the inevitable violation of Mr. Profant's agreement with Edifecs. Motion at 2-3, 8. That litigation was anticipated is demonstrated by, among other things, (a) Welltok's withholding drafts of the addendum under an assertion of work product protection (which only applies if litigation was anticipated, *see In re Grand Jury Subpoena*, 357 F.3d 900, 907 (9th Cir. 2004)); and (b) instructing Mr. Profant in November 2016 to direct all communications from Edifecs or its counsel to Mr. Sullivan.[2] Tellingly, Welltok's opposition is silent on the point. It provides no argument, no evidence, and no explanation why it did not reasonably anticipate litigation in November 2016. It does not, because it cannot. There can be no question that Welltok reasonably anticipated litigation in November 2016, and yet failed to preserve documents and communications as it was legally required to do. *See, e.g.*, *Schneider Nat'l Carriers, Inc. v. Fireworks Nw., LLC*, No. C15-0747RAJ, 2017 WL 2443543, at *2 (W.D. Wash. June 6, 2017).

### C. **Welltok was "on notice" that job postings and text message communications were potentially relevant and had a duty to preserve**

Welltok makes the astounding argument that it somehow did not spoliate evidence because "Edifecs failed to put anybody on notice that it believed text messages or job postings were relevant." Opp'n at 11 (Dkt. 34). Welltok's argument is untethered to the facts or the law.[3]

**Job Postings.** Edifecs subpoenaed Welltok for job postings on May 24, 2017, ***before*** Welltok switched to its new system (at some point after July 30, 2017) and consequently lost its records for the prior pertinent period. Uriarte Decl. Ex. 13 at 8; Ex. 14. Moreover, it was not Edifecs' responsibility to determine what relevant documents Welltok possessed. Welltok had a duty to speak to its employees to determine the scope of potentially relevant evidence, and a duty to properly instruct them on their preservation obligations. *Small v. Univ. Med. Ctr.*, No.

---

[2] Edifecs has recently confirmed that Welltok by this time was well aware that, in coming to Edifecs, Mr. Profant had been accused of improper recruiting by his former employer, TriZetto. Swaminathan Decl. Ex. 1 at 18-19.

[3] Welltok's argument that Edifecs "delayed" discovery in this action after the dismissal of the *Profant* action somehow lifted Welltok's preservation duty lacks support. The only authority it cites – the *Ellwein* case -- is inapposite, because here Edifecs sought from Welltok all such communications (including text messages) in the first *Profant* case (*see, e.g.*, Uriarte Decl. (Dkt. 28) Ex. 13, including a subpoena to Welltok for "[a]ll communications between David Profant and any current or former Edifecs employees"). Moreover this action against Welltok was filed ***before*** Edifecs moved to dismiss the *Profant* case. There is also no showing that the text messages were preserved during the *Profant* case and only deleted after the *Profant* case was dismissed. As for the job-postings, those were destroyed sometime after July 2017, nearly a year before the *Profant* case was dismissed.

REPLY ISO MOTION FOR EVIDENTIARY
SANCTIONS DUE TO SPOLIATION OF      - 2 -
EVIDENCE: 2:18-cv-01086-JLR

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

2:13-cv-0298, 2018 WL 3795238, at *60 (D. Nev. July 31, 2018); Motion at 10.  Given Welltok's position that the Subject Employees (Matthew Dziedzic, Jennifer Forster, Derek Baehre, John Schlichting, and David Arnone) were not solicited but had applied "independently," Welltok had a duty to ask its employees about the job postings to which they claim to have responded and take steps to preserve them.  Welltok apparently did neither.

**Text Messages.**  This case is about Welltok's participation in and responsibility for Mr. Profant's breach of his obligations to neither solicit, nor aid in the hiring of, Edifecs employees.  Welltok cannot plausibly say that it was unaware that people communicated by text message.  All communications—whether by email, text, or smoke signal—are obviously relevant to the allegations in this case.  Indeed, Welltok had to only talk to its employees to learn that Profant and the departed Edifecs employees texted with one another **all the time.**[4]  *See Small*, 2018 WL 3795238, at *60 (D. Nev. July 31, 2018).

Welltok's fallback argument that it had no responsibility to preserve communications on its employees' phones, because the phones were the employees' personal mobile devices, is disingenuous.  First, the Subject Employees repeatedly testified that their cell phones are used for both personal and work purposes, with some even testifying that they only have one phone—their cellphone.  *See, e.g*., Swaminathan Decl. Ex. 2 (Arnone Dep.) at 53:24-54:8; Ex. 3 (Dziedzic Dep.) at 89:12-89:22; Ex. 4 (Baehre Dep.) at 145:16-146:15.  It is also not credible for Welltok to imply that it was unaware its employees were using their cell phone for work purposes, when those same employees listed their cell phone number on their Welltok work email signature block as their contact number.  *See, e.g*., Swaminathan Decl. Exs. 5-7.[5]  Second, Welltok disregards Edifecs' argument that Mr. Profant's communications to the Subject Employees to recruit them and assist in their hiring, **were on behalf of and for the benefit of Welltok**.  And there is no question, even without the now-deleted texts, that Mr. Profant did

---

[4] *See, e.g*., Uriarte Decl. Ex. 7.

[5] Welltok attempts to shift blame away from itself by implying that since certain of the text messages were sent or received while some of the Subject Employees were still employed by Edifecs, Edifecs should have taken steps to preserve the messages.  This is absurd.  Edifecs could hardly have been on notice of potential litigation with Welltok or Profant triggering such a duty, before it was even aware that Welltok was soliciting its employees.

REPLY ISO MOTION FOR EVIDENTIARY
SANCTIONS DUE TO SPOLIATION OF
EVIDENCE:  2:18-cv-01086-JLR

- 3 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington  98104-7097
+1 206 839 4300

indeed communicate with several of the Subject Employees while they were at Edifecs and he was at Welltok.[6] As set forth in Edifecs' motion, courts have held an employer responsible for its agents' spoliation where the evidence is on devices that are used in the course of employment and in furtherance of the employer's business. *See* Motion at 10:14-15:9; *see also, e.g., Paisley Park Enters., Inc. v. Boxill*, 330 F.R.D. 226, 233 (D. Minn. 2019) (sanctioning for failing to preserve text messages on personal cell phones by "disengage[ing] the auto-delete function" or "ensur[ing] that their text messages were backed up to cloud storage"). Welltok does not address, much less distinguish, these on-point authorities.[7]

### D. Welltok's relevance arguments are flat wrong

"Where emails and documents are missing entirely due to a party's failure to preserve and their relevance cannot be directly ascertained, a party can hardly assert any presumption of irrelevance to the destroyed documents." *Kische USA LLC v. Simsek*, No. C16-0168JLR, 2018 WL 620493, at *5 (W.D. Wash. Jan. 29, 2018) (internal quotations and citation omitted). "Rather, the party that fails to preserve evidence 'bear[s] the consequence of [the] uncertainty' as to the relevance of the documents and the resulting prejudice." *Id.* (citation omitted). Here, the actual contents of each of the text messages is unknowable, and any presumption as to the relevance of the text messages should favor Edifecs. *Id.* *6. Welltok's arguments that the spoliated text messages "are not necessarily relevant" thus completely misses the point.

In addition, Welltok's efforts to portray the spoliated evidence as irrelevant are based on a skewed presentation of events. Welltok contends that the Subject Employees—who formerly worked for Mr. Profant at Edifecs—were not solicited by Profant but rather each made

---

[6] Swaminathan Decl. Ex. 4 (Baehre Dep.) at 124:13-22 (Q: In between October 31st and December 10th, do you remember talking to Mr. Profant about Welltok at all? A: I'm sure we had a conversation at that point, I don't remember the details of it. Q: Okay. But, you talked about Welltok? A: I'm sure we had a conversation about it at that point.); Ex. 2 (Arnone Dep.) at 88:2-11 (Q: So in that time period between when you heard about the job opportunity and when you actually went there -- mostly social text messages? A: It's social and, you know, talked a little bit about Welltok. . . .but it was more just along the lines of, you know, like, you'll have bigger accounts, you know, opportunity.")

[7] Notably, as explained in more detail *infra* at Section E, Edifecs propounded requests for admission on this topic to which Welltok failed to timely respond or object. Now deemed admitted, they prove, for example, that "from the time of his hire at Welltok, all of David Profant's actions in regard to the other employees of Edifecs were taken in the course and scope of his employment." *See, e.g.*, Swaminathan Decl. Ex. 12 (RFA 13).

REPLY ISO MOTION FOR EVIDENTIARY
SANCTIONS DUE TO SPOLIATION OF
EVIDENCE: 2:18-cv-01086-JLR

- 4 -

ORRICK, HERRINGTON & SUTCLIFFE LLP
701 Fifth Avenue, Suite 5600
Seattle, Washington 98104-7097
+1 206 839 4300

"independent" decisions to join Mr. Profant at Welltok (out of the blue, or perhaps in response to no-longer existing job postings). But four of the five Subject Employees, made this supposedly "independent" decision and applied to Welltok *in the same 24-hour period*, a day after Welltok had extended an offer to Mr. Profant. Swaminathan Decl. Exs. 8-11. As noted above (note 6) recent deposition testimony confirms that Mr. Profant communicated with several of the Subject Employees about Welltok or opportunity at Welltok while they were still at Edifecs. It is fatuous to suggest that, among the hundreds of destroyed communications from the same period, none of them could have touched on the same subjects.

### E. **Welltok failed to preserve and collect text messages from relevant custodians and failed to preserve the job postings**

Critically, Welltok does not even attempt to dispute that it did not preserve or collect text messages from David Profant, and from the Subject Employees. Nor can it. As an initial matter, Edifecs' First Set of Requests for Admissions to Welltok, Inc., directed Welltok to admit or deny that text message communications sent between November 1, 2016 and February 1, 2017 among David Profant and the Subject Employees were destroyed by David Profant and Subject Employees while they were employed by Welltok, Inc.[8] Welltok failed to timely respond or object, deeming them admitted. When Welltok finally (and untimely) responded to the Requests for Admissions, it admitted that "various text message communications appear to have been deleted from Mr. Profant's phone" and that "Welltok has not determined whether text message communications…may be recovered from Mr. Baehre [or Mr. Schlichting, Ms. Foster, Mr. Arnone, or Mr. Dziedzic]." Ex. 13. Of course, no such text message communications have been found and produced since.

Nor does Welltok attempt to suggest that it instructed its employees to preserve the text messages – and the evidence indicates they did not. While Welltok's 30(b)(6) witness was instructed on privilege grounds not to answer the question of whether employees were asked to

---

[8] *See* Swaminathan Decl. Ex. 12 (RFA Nos. 15-24, including, for example, "Admit that text message communications sent between November 1, 2016 and February 1, 2017 among David Profant and Derek Baehre were destroyed by Derek Baehre during the time period in which Derek Baehre was working for Welltok.").

preserve text messages (*see* Swaminathan Decl. Ex. 1 (Hinkle Dep.) at 145:7-24), deposition testimony from some Subject Employees confirms that text messages were <u>not</u> preserved or collected.  *See* Swaminathan Decl. Ex. 3 (Dziedzic Dep.) at 20:22-21:3 ("Q. How about, did they collect any text messages from your telephone? A. They did not."); *id*. at 138:9-15 ("Q. So let me go back and ask the question again. Did you preserve documents after getting this subpoena which is Exhibit 146? A.  I handed over everything that I had, all the e-mails, and they never requested text messages.").

There is also no dispute that Welltok did not preserve any sales-related job postings at the time the Subject Employees applied to Welltok.  Welltok admits that any job postings were lost when it switched to a new system at some time after **July 30, 2017**.  *See* Uriarte Decl. Ex. 14. This was certainly well after Welltok was unquestionably under a duty to preserve.[9]

### F. <u>Welltok's failures led directly to the destruction of evidence</u>

We now know conclusively per sworn testimony from the Subject Employees that because Welltok failed in its responsibility to properly preserve and collect text messages with Mr. Profant, they were either intentionally deleted or lost because of automated deletion settings on the Subject Employees' phones.  Swaminathan Decl. Ex. 4 (Baehre Dep.) at 154:22-155:7 ("Q: How about -- how about any text messages from Mr. Profant or to Mr. Profant that you remember deleting? A: I can't speak to a date or time when I may have deleted messages from Mr. Profant. Q: Okay. But you think you might have? A:  I must have because I don't have those text messages any longer on my phone so that must have been the case.); Ex. 3 (Dziedzic Dep.) at 148:7-148-22 ("I have set on my phone is every 30 days [text messages] delete, and then I'll delete conversations that are just in the way.").

### CONCLUSION

Edifecs respectfully requests that the Court enter relief as outlined in the proposed order submitted to the Court in connection with this filing.

---

[9] "[A] finding of 'willfulness, fault, or bad faith,' satisfies the culpability component…. A party's destruction of evidence qualifies as willful spoliation if the party has 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Kische USA LLC*, 2018 WL 620493, at *4.

| | |
|---|---|
| Dated: October 11, 2019 | ORRICK, HERRINGTON & SUTCLIFFE LLP |
| | By: *s/Aravind Swaminathan*<br>*s/Nicole Tadano*<br>*s/Robert Uriarte*<br>*s/James Pooley* |

Aravind Swaminathan (WSBA No. 33883)
aswaminathan@orrick.com
Nicole Tadano (WSBA No. 40531)
ntadano@orrick.com

701 Fifth Avenue
Suite 5600
Seattle, WA 98104-7097
Telephone: 206 839 4300
Facsimile: 206 839 4301

Robert L. Uriarte (admitted *pro hac vice*)
ruriarte@orrick.com
1000 Marsh Road
Menlo Park, CA 94025
Telephone: 650-289-7105
Facsimile: 650-614-7401

JAMES POOLEY, PLC
James Pooley (admitted *pro hac vice*)
james@pooley.com

325 Sharon Park Dr., #208
Menlo Park, CA 94025
Telephone:     650-285-8520

Attorneys for Plaintiff