UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WELLTOK, INC., <br><br> Defendant. | CASE NO. C18-1086JLR <br><br> ORDER GRANTING MOTIONS TO SEAL |

## I. INTRODUCTION

Before the court are: (1) Plaintiff Edifecs, Inc.'s ("Edifecs") motion to seal a document related to its motion for evidentiary sanctions (1st MTS (Dkt. # 29)), (2) Defendant Welltok, Inc.'s ("Welltok") motion to seal documents related to its opposition to Edifecs's motion for evidentiary sanctions (2d MTS (Dkt. # 36)), and (3) Edifecs's motion to seal documents related to its reply in support of its motion for evidentiary

//

//

sanctions (3rd MTS (Dkt. # 40)). The motions are unopposed.[1] (*See generally* Dkt.; *see also* 1st MTS at 2; 2nd MTS at 2.) The court has considered the motions, the parties' submissions concerning the motions, the relevant portions of the record, and the applicable law. Being fully advised,[2] the court GRANTS the three motions to seal.

## II. BACKGROUND

On September 20, 2019, Edifecs filed a motion for evidentiary sanctions. (*See* MFS (Dkt. # 27).) Welltok filed its response on October 9, 2019. (MFS Resp. (Dkt. # 34).) Edifecs filed its reply on October 11, 2019. (MFS Reply (Dkt. # 38).) The parties now seek to seal the following documents filed in conjunction with these filings:

- Exhibit 7 to the Declaration of Robert Uriarte. (*See* 1st MTS at 2 (citing Uriarte Decl. (Dkt. # 29) ¶ 8, Ex. 7).)
- Exhibits 1A and 3A to the Declaration of Anne Cohen. (*See* 2d MTS at 2 (citing Cohen Decl. (Dkt. # 35) ¶ 2, Ex. 1A; *id.* ¶ 4, Ex. 3A).)
- Portions of Exhibits 2 through 11 to the Declaration of Aravind Swaminathan. (*See* 3rd MTS at 2 (citing Swaminathan Decl. (Dkt. #39) ¶¶ 4-13, Exs. 2-11).)

//

//

---

[1] Edifecs filed a letter brief asserting that Welltok filed more of Edifecs's records under seal than Edifecs intended, which narrowed the portions to be filed under seal. (*See* Edifecs Ltr. (Dkt. # 42) at 2.)

[2] Neither party requests oral argument on the motions (*see* 1st MTS at 1; 2nd MTS at 1), and the court concludes that oral argument would not be helpful to its disposition of the motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

## III. ANALYSIS

**A.  Legal Standard**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  The standard for determining whether to seal a record depends on the filing that the sealed record is attached to.  *See id.* at 1136-37.  Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate.  *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-1102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted).  A failure to meet that burden means that the record will be filed in public.  *Id.* at 1182.  If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).  "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when

such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

**B.  The Motions to Seal**

The parties certify that they engaged in several conferences and successfully narrowed the documents they seek to seal. (*See* 1st MTS at 2; 2d MTS at 2; 3rd MTS at 2.) The court finds compelling reasons to seal the requested documents. The requested documents contain nonparties' individual cell phone numbers and email addresses (*see* Uriarte Decl. ¶ 8, Ex. 7; Swaminathan Decl. ¶¶ 4-13, Exs. 2-11) and confidential business information that could put Edifecs at a competitive disadvantage (*see* Cohen Decl., Exs. 1A, 3A).

//

//

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS the first motion to seal, filed by Edifecs (Dkt. #29), GRANTS the second motion to seal, filed by Welltok (Dkt. #36), and GRANTS the third motion to seal, filed by Edifecs (Dkt. # 40).

Dated this 31st day of October, 2019.

JAMES L. ROBART
United States District Judge