UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS, INC.,<br><br>                Plaintiff,<br>    v.<br><br>WELLTOK, INC.,<br><br>                Defendant. | CASE NO. 18-1086JLR<br><br>ORDER GRANTING IN PART AND DENYING IN PART STIPULATED MOTION TO RE-NOTE PENDING MOTIONS |

On November 15, 2019, at 1:45 p.m., Plaintiff Edifecs, Inc. ("Edifecs") and Defendant Welltok, Inc. ("Welltok") filed a stipulated motion to re-note the following pending motions:

  (i) Welltok's motion for summary judgment (MSJ (Dkt. # 72));

  (ii) Welltok's motion to exclude the testimony of Todd D. Menenberg (MTE (Dkt. # 45)); and

  (iii) Welltok's motion to seal (MTS (Dkt. # 47)) (collectively, the "Motions").

//

(*See* Stip. Mot. (Dkt. # 77) at 1.)

The Motions are noted for November 22, 2019. (*See* MSJ at 1; MTE at 1; MTS at 1.) Accordingly, Edifecs's responses to the Motions are due on Monday, November 18, 2019. *See* Local Civil Rules W.D. Wash. LCR 7(d)(3). Edifecs and Welltok ask the court to re-note the Motions for December 6, 2019, and to allow Edifecs to respond to the motions on or before November 25, 2019. (*See* Stip. Mot. at 2.)

Deadlines in the court's scheduling order and in the Local Civil Rules are "firm dates that can be changed only by order of the court, not by agreement of counsel or the parties. The court will alter these dates only upon good cause shown." (Sched. Order (Dkt. # 17) at 2); *see also* Fed. R. Civ. P. 6(b)(1)(A) (the court may extend time "for good cause"). Here, Edifecs and Welltok fail to show good cause to extend the noting date for the Motions. In fact, the parties' stipulated motion provides no explanation at all for why a two-week extension is necessary, or why the parties waited until now to seek such an extension.[1] (*See generally* Stip. Mot.)

Additionally, trial in this case is set for January 27, 2020. (Sched. Order at 1.) A two-week extension of the noting date for the Motions would leave the court insufficient time to fully consider and rule on the motions and would leave the parties insufficient time to prepare for trial in light of the court's orders.

---

[1] The court notes with disapproval that the parties filed their stipulated motion requesting an extension of a Monday deadline on the preceding Friday afternoon. *See* Local Civil Rules W.D. Wash. LCR 7(j) ("A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.").

1       Nevertheless, the court will re-note the Motions to **November 26, 2019**.

2 Edifecs's responses to the motions are due no later than **November 20, 2019**. Welltok's

3 replies, if any, are due no later than the new noting date of **November 26, 2019**. The

4 parties are instructed to refrain from seeking further extensions absent good cause.

      For the reasons set forth above, the court GRANTS in part and DENIES in part Edifecs and Welltok's stipulated motion to re-note the Motions (Dkt. # 77). The court DIRECTS the clerk to re-note the following motions for November 26, 2019:

    (i) Welltok's motion for summary judgment (Dkt. # 72);

    (ii) Welltok's motion to exclude the testimony of Todd D. Menenberg (Dkt. # 45); and

    (iii) Welltok's motion to seal (Dkt. # 47).

Dated this 18th day of November, 2019.

JAMES L. ROBART
United States District Judge

ORDER - 3