UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WELLTOK, INC., <br><br> Defendant. | CASE NO. C18-1086JLR <br><br> ORDER TO SHOW CAUSE |

Before the court is Defendant Welltok, Inc.'s ("Welltok") motion for summary judgment (MSJ (Dkt. # 72)) and Welltok's motion to exclude the testimony of Todd D. Menenberg (MTE (Dkt. # 45)). Plaintiff Edifecs, Inc. ("Edifecs") filed responses. (*See* MSJ Resp. (Dkt. # 85); MTE Resp. (Dkt. # 82).) Welltok filed replies. (MSJ Reply (Dkt. # 89); MTE Reply (Dkt. # 88).)

As the court understands Edifecs' briefing, Edifecs' damages theory is that 1) Welltok is liable for damages for the monetary investment Edifecs made in its employees prior to the employees leaving to work for Welltok (*see* MSJ Resp. at 24-25; Menenberg

ORDER - 1

Report (Dkt. # 67) (sealed) at 5, 6)), and 2) those damages are justified because "Edifecs had an expectation to achieve incremental sales revenue and margin well in excess of the amounts invested in these employees during their tenure at Edifecs and that expectation was reasonable" (*see* Menenberg Report at 6). Edifecs cites authorities in support of its arguments that it can recover for tortious interference with at-will employees (*see* MSJ Resp. at 22 (citing Washington Civil Pattern Jury Instructions § 352.02 cmt.)), and that it need only prove its damages "with reasonable certainty" (*see id.* (quoting *Greenspan Grp., LLC v. City of Bellevue*, 436 P.3d 397, 409 (Wash. Ct. App. 2019))). Edifecs contends that "it is enough if the evidence 'affords a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation and conjecture.'" (*See id.* (quoting *Greenspan Grp.*, 436 P.3d at 409).)

However, Edifecs does not provide authority to support the assertion that amounts paid to an employee before the alleged tortious interference occurs are recoverable as damages for that tortious interference. (*See generally* MSJ Resp.) Accordingly, the court orders Edifecs to submit additional briefing of up to five (5) pages in length that specifically addresses the following questions:

1) What is Edifecs' best legal authority that the amounts paid to an employee before tortious interference occurs are recoverable as damages for that tortious interference?

2) What is Edifecs' best legal authority that Welltok's alleged tortious interference is causally connected to the amounts paid its employees before the tortious interference occurred?

3) Is Edifecs alleging it has suffered lost profits or other pecuniary damages after the alleged tortious interference occurred? If so, provide specific record citations to the evidence of such lost profits or other pecuniary damages submitted by Edifecs.

4) What is Edifecs' best legal authority that supports the conclusion that any alleged damages referred to in questions 1, 2, and 3 above "are not based on merely wishful thinking"? *See* Washington Civil Pattern Jury Instructions § 352.02 cmt. (quoting *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 699 P.2d 217, 219 (1985)). In other words, what is Edifecs' best authority that its damages theories "afford[] a reasonable basis for estimating loss and does not subject the trier of fact to mere speculation or conjecture"? (*See* MSJ Resp. at 24 (quoting *Greenspan Grp.*, 436 P.3d at 409).)

Edifecs shall file its response to this order by December 30, 2019, at 12:30 p.m. Welltok may file a response of no more than five (5) pages by January 6, 2020. There shall be no reply unless the court orders otherwise.

Dated this 23rd day of December, 2019.

JAMES L. ROBART
United States District Judge