UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| EDIFECS, INC., <br><br> Plaintiff, <br><br> v. <br><br> WELLTOK, INC., <br><br> Defendant. | CASE NO. C18-1086JLR <br><br> ORDER GRANTING MOTIONS TO SEAL |

## I. INTRODUCTION

Before the court are Defendant Welltok, Inc.'s ("Welltok") motion to seal (Welltok MTS (Dkt. # 47)) and two motions to seal filed by Plaintiff Edifecs, Inc. ("Edifecs") (1st Edifecs MTS (Dkt. #86); 2d Edifecs MTS (Dkt. # 99)) (collectively, the "Motions"). The court has considered the Motions, the parties' submissions concerning

//

//

//

ORDER - 1

the Motions, the relevant portions of the record, and the applicable law. Being fully advised,[1] the court GRANTS the Motions.

## II.  BACKGROUND

The court has detailed this case's factual and procedural background in prior orders and will not repeat it in detail here. (*See* 1/9/20 Order (Dkt. # 110) (sealed) at 2-10; 11/8/19 Order (Dkt. # 76) at 2-6.) In sum, this is a tortious interference case that revolves around Edifecs' allegation that Welltok's former Vice President of Sales, David Profant, "engaged in an unlawful raid of senior Edifecs employees." (*See* 11/8/19 Order at 4.) The parties seek to seal documents submitted in connection with Welltok's motion for summary judgment (Welltok MSJ (Dkt. # 29)); Edifecs' response to Welltok's motion for summary judgment (Edifecs MSJ Resp. (Dkt. # 85)); Welltok's motion to exclude the expert testimony of Todd D. Menenberg (Welltok MTE (Dkt. # 45)); and Edifecs' response to the court's order to show cause (Edifecs OSC Resp. (Dkt. # 98)).

## III.  ANALYSIS

**A.  Legal Standard**

When deciding a motion to seal, courts "start with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). This presumption, however, "is not absolute and can be overridden given sufficiently

//

---

[1] Neither party requests oral argument on the Motions (*see* Welltok MTS at 1; 1st Edifecs MTS at 1; 2d Edifecs MTS at 1), and the court concludes that oral argument would not be helpful to its disposition of the Motions, *see* Local Rules W.D. Wash. LCR 7(b)(4).

compelling reasons for doing so." *Id.* (citing *San Jose Mercury News, Inc. v. U.S. Dist. Ct. N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999)). The standard for determining whether to seal a record depends on the filing that the sealed record is attached to. *See id.* at 1136-37. Because the sealed documents at issue here are attached to motions that are "more than tangentially related to the merits of [this] case," the court applies the compelling reasons standard to determine if sealing is appropriate. *See Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d 1092, 1098-102 (9th Cir. 2016).

Under the compelling reasons standard, the party seeking to seal a judicial record bears the burden of showing that "compelling reasons supported by specific factual findings . . . outweigh the general history of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal citations omitted). A failure to meet that burden means that the record will be filed in public. *Id.* at 1182. If a court decides to seal a record, it must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179 (quoting *Hagestad*, 49 F.3d at 1434).

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to . . . release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). The final determination of what constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon*, 435 U.S. at 599.

//

In addition, in the Western District of Washington, parties seeking to file documents under seal must follow the procedure laid out in Local Rule 5(g). *See* Local Rules W.D. Wash. LCR 5(g). Pursuant to Local Rule 5(g), a party filing a motion to seal must include "a certification that the party has met and conferred with all other parties in an attempt to reach agreement on the need to file the document[s] under seal." *Id.* LCR 5(g)(3)(A). The party seeking to seal the documents must also explain the bases for requiring the relief. *Id.* LCR 5(g)(3)(B).

**B.     Welltok's Motion to Seal**

Welltok seeks to seal certain exhibits to the Declaration of Anne Cohen in support of Welltok's motion for summary judgment. (*See* Welltok MTS at 1.) Welltok originally filed Exhibits 1-21 to the declaration of Anne Cohen under seal. (*See id.* (citing Cohen Decl. (Dkt. # 21)); *see also* Cohen Exhibits (Dkt. ## 49-69).) However, after conferring, Edifecs and Welltok "reach[ed] agreement that certain documents did not need to be filed under seal." (*See id.* at 2.) The parties agreed that the unredacted Cohen Exhibits 1, 13, 15, 17, 18, 20, and 21 may be filed publicly. (*See* Edifecs Resp. to Welltok MTS (Dkt. # 79) at 2.) The parties further agreed that Cohen Exhibits 2-12, 16, and 19 should remain under seal. (*See id.* at 3.) The parties further agreed that a version of Cohen Exhibit 14 that redacts the name of an employee not relevant to this dispute may be filed publicly. (*See id.*) Edifecs submitted redacted versions of Cohen Exhibits 10 and 16 that it agrees may be filed publicly. (*See id.* at 5-6.)

The court finds there are compelling reasons to seal the requested exhibits and GRANTS in part Welltok's motion to seal. The exhibits at issue contain customer and

employee personal information, details about employee compensation and terms of employment, and other non-public, sensitive financial information. The unredacted Exhibits 2-12, 16, and 19 shall remain under seal.

**C.     Edifecs' First Motion to Seal**

Edifecs seeks to seal the following exhibits:

- Exhibits H and S to the Declaration of Aravind Swaminathan in Support of Edifecs' Response to Welltok's Motion for Summary Judgment and Motion to Exclude Testimony of Todd D. Menenberg (*see* 1st Edifecs MTS at 2 (citing 1st Swaminathan Decl. (Dkt. # 84)); 1st Edifecs Exhibits (Dkt. # 87));

- Portions of Exhibits C, G, I, J, K, L, M, T, U, V, Y, AA, and BB to Mr. Swaminathan's declaration (*see id.*); and

- Portions of Exhibits D and X to Mr. Swaminathan's declaration (*see id.*).

Edifecs filed unredacted versions of these exhibits under seal (*see* 1st Edifecs Exhibits) and seeks to file redacted versions of these exhibits publicly (*see* 1st Edifecs MTS at 2-3). Although Welltok did not file a response setting forth the reasons for sealing C, G, I, J, K, L, M, T, U, V, Y, AA, and BB, the content of these Exhibits have substantial overlap with sensitive documents for which the court has already granted motions to seal. (*See supra* § II.B; 10/31/19 Order (Dkt. # 74).) Therefore, the court GRANTS Edifecs' first motion to seal.

**D.     Edifecs' Second Motion to Seal**

Edifecs also seeks to seal "[p]ortions of Exhibit B, and the entirety of Exhibit D"

to Mr. Swaminathan's declaration in support of Edifecs' response to the court's order to show cause. (*See* 2d Edifecs MTS at 2 (citing 2d Edifecs Exhibits (Dkt. # 101)).) Welltok did not file a response. (*See generally* Dkt.) The court agrees with Edifecs. These exhibits contain private compensation information and associates that compensation with specific employees. Therefore, the court GRANTS in full Edifecs' second motion to seal.

## IV.    CONCLUSION

For the foregoing reasons, the court GRANTS in part Welltok's motion to seal (Dkt. # 47); GRANTS Edifecs' first motion to seal (Dkt. # 86); and GRANTS Edifecs' second motion to seal (Dkt. # 99). The court DIRECTS the clerk to REMOVE the seal on Exhibits 1, 13, 15, 17, 18, 20, and 21 to Ms. Cohen's declaration (Dkt. # 48) that Welltok filed at Dkt. ## 49, 61, 63, 65, 66, 68, and 69.

Dated this 10th day of January, 2020.

JAMES L. ROBART
United States District Judge