1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10
11
12
13
14

| | |
|---|---|
| EDIFECS, INC., | CASE NO. C18-1086JLR |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES |
| v. | |
| WELLTOK, INC., | |
| Defendant. | |

15

## I.    INTRODUCTION

16

Before the court are (1) Defendant Welltok, Inc.'s ("Welltok") motion for

17 attorneys' fees (Fees Mot. (Dkt. # 113)) and (2) a filing that Welltok captioned as an

18 "amended" motion for attorneys' fees (Am. Fees Mot. (Dkt. # 117)).  Plaintiff Edifecs,

19 Inc. ("Edifecs") opposes the motions.  (*See* Resp. (Dkt. # 122).)  The court has

20 considered the motions, the parties' submissions concerning the motions, the relevant

21 //

22 //

1   portions of the record, and the applicable law.  Being fully advised,[1] the court DENIES

2   Welltok's motion for attorneys' fees and STRIKES as untimely Welltok's amended

3   motion for attorneys' fees.

## II.   BACKGROUND

### A.   Factual Background

6          The court has detailed this case's factual background in several prior orders.

7   (*See, e.g.*, MSJ Order (Dkt. # 110) (sealed).)  Therefore, the court sets forth only the

8   facts relevant to Welltok's present motions.

9          This case involves a tortious interference claim that arises out of former Edifecs

10  employees taking positions at Welltok in late 2016 and early 2017.  (*See* Compl. (Dkt.

11  # 1) ¶¶ 1-2.)  Edifecs hired David Profant as its Senior Vice President of Sales on

12  December 26, 2014.  (*See* Cohen Decl. (Dkt. # 48) ¶ 3, Ex. 2 (sealed).)  Edifecs then

13  hired several employees to work on Mr. Profant's sales team, including David Arnone,

14  Derek Baehre, Matthew Dziedzic, John Schichting, and Jennifer Forster.  (*See id.* ¶¶ 4-8,

15  Exs. 3-7.)  Mr. Profant announced his resignation from Edifecs on November 8, 2016.

16  (*See* Swaminathan Decl. (Dkt. # 84) ¶ 24, Ex. X.)  Mr. Baehre, Mr. Arnone, and Mr.

17  //

18          [1] Welltok did not request oral argument on its original fees motion (*see* Fees Mot. at 1)
    but requested oral argument on its amended fees motion (*see* Am. Fees Mot. at 1).  Edifecs

19  requests oral argument.  (*See* Resp. at 1.)  The court finds that oral argument would be unhelpful
    to its disposition of Welltok's motions and DENIES the parties' requests for oral argument.  *See*

20  Local Rules W.D. Wash. LCR 7(b)(4) ("Unless otherwise ordered by the court, all motions will
    be decided by the court without oral argument."); *Partridge v. Reich*, 141 F.3d 920, 926 (9th

21  Cir. 1998) (noting that when a party "has an adequate opportunity to provide the trial court with
    evidence and a memorandum of law, there is no prejudice" in refusing to grant oral argument)
    (quoting *Lake at Las Vegas Inv. Grp., Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th

22  Cir. 1991) (alterations in *Partridge*).

ORDER - 2

1  Dziedzic each emailed their resumes to Welltok's Chaz Hinkle on October 31, 2016,

2  prior to Mr. Profant leaving Edifecs.  (*See id.* ¶¶ 11-13, Exs. J-L.)  Ms. Forster emailed

3  her resume the next day, on November 1, 2016.  (*See id.* ¶ 10, Ex. I.)  Within a few

4  months, Mr. Baehre, Mr. Arnone, Ms. Forster, and Mr. Dziedzic left Edifecs for

5  Welltok.

6  **A.   Procedural History**

7        Edifecs originally sued Mr. Profant in March 2017 (the "Profant Case") for

8  breach of contract.  (*See* Compl. ¶ 18.)  Mr. Profant passed away unexpectedly in March

9  2018, during the Profant Case.  (*See* Welltok Resp. to MFS (Dkt. # 34) at 8.)  Edifecs

10 decided to shift the focus of its litigation away from Mr. Profant and towards Welltok.

11 (*See id.* (citing 2d Cohen Decl. (Dkt. # 35) ¶ 24, Ex. 23 at 1).)  Edifecs filed this action

12 against Welltok on July 4, 2018, alleging tortious interference.  (*See* Compl. ¶¶ 40-49.)

13 Edifecs then voluntarily dismissed the Profant Case.  (*See* Welltok Resp. to MFS at 8.)

14 Edifecs now alleges that Welltok tortiously interfered with Edifecs' contract with David

15 Profant and with Edifecs' business expectancy "that its interests and confidential

16 information would be protected by Profant because of his continuing duties to Edifecs."

17 (*See* Compl. ¶¶ 40-56).

18       Welltok moved for summary judgment on October 29, 2019.  The court granted

19 summary judgment in favor of Welltok on January 9, 2020.  (*See* MSJ Order at 23-24.)

20 The court granted Welltok's motion on the ground that Edifecs failed to create a genuine

21 dispute of material fact that Edifecs suffered pecuniary loss, which is a threshold

22 element of a tortious inference claim under Washington law.  (*See id.* at 22.)

ORDER - 3

1    Additionally, the court noted that Edifecs did not create a genuine dispute of material

2    fact with respect to causation on its primary damages theory.  (*See id.* at 16-17.)

3    Because Edifecs' claims failed on damages and causation, the court did not address the

4    remaining elements of Edifecs' tortious interference claims.  (*See generally id.*)  The

5    court entered judgment in favor of Welltok on January 10, 2020.  (*See* Judgment (Dkt.

6    # 112).)

7            Welltok filed its motion for attorneys' fees on January 24, 2020.  (*See* Fees

8    Mot.)[2] Welltok did not include a noting date on the motion's caption.  (*See id.* at 1.)

9    Welltok then filed its "amended" motion for attorneys' fees on January 31, 2020 and

10   noted its amended motion for February 21, 2020.  Welltok's "amended" motion does not

11   provide a citation to the authority under which Welltok amends its first fees motion and

12   does not clearly delineate which portions of the amended motion are new.  (*See*

13   *generally* Am. Fees. Mot.)  Nevertheless, the amended fees motion omits Welltok's

14   request for costs and adds an additional basis for an attorneys' fees award, namely that

15   Welltok is entitled to fees based on a clause in the employment contract between Edifecs

16   and Mr. Profant.  (*See id*. at 5.)  The amended motion also increases Welltok's fee

17   request from $218,860.00 (*see* Fees Mot. at 6) to $394,342.00 (*see* Am. Fees Mot. at 7).

18   //

19   //

20   _____

21        [2] Welltok's motion for attorneys' fees also includes a request for costs.  (*See* Fees Mot.
     at 1.)  Welltok filed a separate motion for costs on January 31, 2020.  (*See* Costs Mot. (Dkt.
     # 115).)  The motion for costs was referred to the court's Deputy in Charge on February 3,
22   2020, and remains pending.  (*See* 2/3/20 Dkt. Entry.)  Accordingly, the court STRIKES all
     portions of Edifecs' fees motion that refer to Edifecs' request for costs.

1    Edifecs filed a combined response to Welltok's fees motions on February 14,

2    2020.  (*See* Resp.)  Edifecs opposes Welltok's request for fees and moves to strike

3    Welltok's amended motion as untimely pursuant to Federal Rule of Civil Procedure 54

4    and Local Civil Rule 7(d).  (*See id.* at 6 (citing Fed. R. Civ. P. 54; Local Rules W.D.

5    Wash. LCR 7(d)).)  Welltok filed its reply on February 21, 2020.  (*See* Reply (Dkt.

6    # 126).)  Welltok contends that "Welltok timely filed its original motion for attorney

7    fees on January 24, 2020," and that "Welltok's amended motion for attorney fees

8    relate[s] back to the date of its original motion for filing purposes."  (*See id.* at 6.)

9    Welltok further argues that Edifecs suffered no prejudice from Welltok's amended

10   motion because Edifecs' response deadline was calculated based on the date of

11   Welltok's amended motion.  (*See id.*)

12                          **III.    ANALYSIS**

13   The court first considers Edifecs' motion to strike before turning to the merits of

14   Welltok's motion for attorneys' fees.

15   **A.    Edifecs' Motion to Strike Welltok's Amended Fees Motion**

16   Edifecs moves to strike Welltok's amended fees motion, arguing that Welltok

17   waived its new arguments and fee categories by failing to assert them within the time

18   provided by Rule 54.  (*See* Resp. at 15-16.)[3]  The court agrees and STRIKES Welltok's

19   amended fees motion.

20

21   _____

         [3] Parties may file requests to strike material contained in the submissions of opposing
     parties by including such requests in their responsive briefs.  *See* Local Rules W.D. Wash. LCR
22   7(g).  When a party does so, the court considers the motion to strike along with the underlying

1     Unless a statute or court order provides otherwise, parties must file motions for

2 attorneys' fees "no later than 14 days after the entry of judgment."  Fed. R. Civ. P.

3 54(d)(2)(B)(i).  Fees motions must be noted for consideration on a date "no earlier than

4 the third Friday after filing and service of the motion."  *See* Local Rules W.D. Wash.

5 LCR 7(d)(3).  A party opposing a fees motion must file and serve its opposition papers

6 "not later than the Monday before the noting date."  *See id.*  "Although the 14-day

7 period is not jurisdictional, the failure to comply [with Rule 54] should be sufficient

8 reason to deny the fee motion, absent some compelling showing of good cause."  *Kona*

9 *Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000) (alteration in

10 *Kona*).

11     Here, the court entered judgment on January 10, 2020.  (*See* Judgment.)  Welltok

12 filed its "amended" motion for attorneys' fees on January 31, 2020, 21 days after the

13 court entered judgment and seven days after the deadline to file a motion for attorneys'

14 fees under Rule 54.  (*See* Am. Fees Mot. at 1); Fed. R. Civ. P. 54(d)(2)(B)(i).  Contrary

15 to Welltok's unsupported assertion (*see* Reply at 6), labeling a filing with the word

16 "amended" does not circumvent the Federal Rules of Civil Procedure and does not make

17 that filing automatically "relate back" to the earlier, timely motion.

18     If Welltok wished to seek an extension, it should have moved for one.  *See* Fed.

19 R. Civ. P. 6(b).  "A motion for relief from a deadline should, whenever possible, be filed

20 sufficiently in advance of the deadline to allow the court to rule on the motion prior to

21

22 motion.  *See id.*  Here, Edifecs properly included its motion to strike in its responsive briefing.
   (*See* Resp. at 15-16.)

ORDER - 6

1    the deadline."  Local Rules W.D. Wash. LCR 7(j).  Moreover, "[p]arties should not

2    assume that the motion will be granted and must comply with the existing deadline

3    unless the court orders otherwise."  *Id.*

4         Welltok failed to seek an extension or even acknowledge the tardiness of its

5    "amended" motion.  Even if it had, at most the court would construe it as a "motion

6    made after the time has expired" under Rule 6(b)(1)(B).  *See* Fed. R. Civ. P. 6(b)(1)(B).

7    To succeed on such a motion, Welltok must make a showing of "excusable neglect."

8    *See id.*  Welltok fails to make that showing or meet even the lesser showing of "good

9    cause."  *See* Fed. R. Civ. P. 6(b)(1)(A).  The only rationale Welltok provides—that

10   Edifecs will not be prejudiced—does not explain why Welltok neglected to request an

11   extension before it filed its second "amended" motion or provide any rationale for why

12   an extension was necessary in the first place.  Moreover, the court reminds Welltok that

13   the court has already cautioned Welltok about late filings in this litigation.  (*See* 11/8/19

14   Order (Dkt. # 76) at 6 (considering Welltok's two-day-late filing but cautioning Welltok

15   to "strictly adhere to the deadlines imposed by the Local Civil Rules and the court's

16   scheduling order").)

17        Because Welltok fails to show excusable neglect (or even good cause) for its late

18   filing, the court STRIKES Welltok's amended fees motion and considers only its

19   original, timely-filed fees motion.

20   **B.   Welltok's Motion for Attorneys' Fees**

21        The court next considers the grounds for fees that Welltok submits in its original

22   fees motion.  (*See* Fees Mot.)  Welltok seeks fees based on (1) Edifecs' allegedly

ORDER - 7

1    frivolous litigation (*see id*. at 3-4) and (2) Edifecs' alleged bad faith litigation (*see id*. at

2    4).  Welltok relies primarily on Washington law.  (*See id*. at 3-4.)  The court sets forth

3    the applicable standards governing Welltok's fees request before analyzing Welltok's

4    motion.

5         1.  Applicable Law

6         In federal diversity actions, district courts may award attorneys' fees under state

7    law when the request for fees is based upon the state's substantive law rather than

8    procedural requirements.  *See In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 838 (9th

9    Cir. 2001).  "However, when fees are based upon misconduct by an attorney or party in

10   the litigation itself, rather than upon a matter of substantive law, the matter is

11   procedural," and federal law applies.  *See id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S.

12   32, 53 (1991)), and quoting *People by Abrams v. Terry*, 45 F.3d 17, 23 (2d Cir. 1995)

13   ("[I]t is quite anomalous to suggest that a federal court must look to the . . . state

14   legislature to vindicate an abuse of the federal judicial power.")).[4]  Here, Welltok's

15   motion for attorneys' fees is based entirely on Edifecs' conduct during this litigation.

16   (*See* Fees Mot. at 3-4.)  Therefore, the court applies federal law to Welltok's motion.

17        2.  Legal Standard

18        In federal litigation, the American Rule generally precludes an award of

19   attorneys' fees absent statutory authorization or an enforceable contractual fees

20   provision.  *See Golden Pisces, Inc. v. Fred Wahl Marine Const., Inc.*, 495 F.3d 1078,

21

22
_____

[4] A district court's inherent authority to sanction parties for their litigation conduct applies with equal force in diversity actions.  *See Chambers*, 501 U.S. at 35, 52.

1  1081 (9th Cir. 2007); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247

2  (1975).  As an exception to the American Rule, district courts may award sanctions in

3  the form of attorneys' fees under their inherent equitable powers if the court finds bad

4  faith or "conduct tantamount to bad faith."  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091,

5  1108 (9th Cir. 2002) (quoting *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001))

6  (internal quotation marks omitted).  "Sanctions are available for a variety of types of

7  willful actions, including recklessness when combined with an additional factor such as

8  frivolousness, harassment, or an improper purpose."  *Id.* (quoting *Fink*, 239 F.3d at 994)

9  (internal quotation marks omitted).  The decision to impose sanctions rests in the sound

10  discretion of the district court.  *See Air Separation v. Underwriters at Lloyd's of London*,

11  45 F.3d 288, 291 (9th Cir. 1994).

12       Inherent powers must be used only with restraint and discretion.  *Leon v. IDX Sys.*

13  *Corp.*, No. C03-1158 P, 2004 WL 5571412, at *3 (W.D. Wash. Sept. 30, 2004), *aff'd*,

14  464 F.3d 951 (9th Cir. 2006) (*citing Chambers*, 501 U.S. at 44).  If conduct can be

15  sanctioned adequately under existing rules, a court ordinarily should rely on the rules

16  rather than on inherent power to impose sanctions.  *Herrera v. Singh*, 103 F. Supp. 2d

17  1244, 1256 (E.D. Wash. 2000) (citing *Chambers*, 501 U.S. at 50).  However, "if in the

18  informed discretion of the court, neither the statute nor the rules are up to the task, the

19  court may safely rely on its inherent power."  *Chambers*, 501 U.S. at 50.

20       The court's inherent power to sanction bad-faith conduct is based "not on which

21  party wins the lawsuit, but on how the parties conduct themselves during the litigation."

22  *See id*. at 53.  "Sanctions are available for a variety of types of willful actions, including

1    recklessness when combined with an additional factor such as frivolousness, harassment,

2    or an improper purpose." *B.K.B.*, 276 F.3d at 1108 (quoting Fink, 239 F.3d at 994)

3    (internal quotation marks omitted).

4         3.   Welltok's Fee Request

5         Welltok does not seek fees based on a contract or under either Federal Rule of

6    Civil Procedure 11, 28 U.S.C. § 1297, or any other federal rule or statute.  (*See generally*

7    Fees Mot.)  To support an award of fees under Rule 11, Edifecs must be given notice

8    and an opportunity to respond.  *See* Fed. R. Civ. P. 11(c)(1).  Edifecs did not have such

9    notice here because CFL did not seek relief under Rule 11.  (*See generally* Fees Mot.)

10   To support an award of fees under 28 U.S.C. § 1927, Edifecs must have acted in

11   subjective bad faith, which is present if Edifecs "knowingly or recklessly raise[d] a

12   frivolous argument, or argue[d] a meritorious claim for the purpose of harassing an

13   opponent."  *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).  This

14   standard is similar to the standard the Ninth Circuit applies to requests for fees under the

15   court's inherent authority.  *See B.K.B*, 276 F.3d at 1108.  As discussed below, the court

16   concludes that an award of attorneys' fees is not justified here.

17        Welltok asserts that it is entitled to fees because (1) "Edifecs pursued frivolous

18   litigation" and (2) Edifecs acted in bad faith and with the sole purpose of harassing

19   Welltok and the employees who followed Mr. Profant to Welltok "through vexatious

20   and protracted litigation."  (*See* Fees Mot. at 3.)  However, Welltok's only evidence of

21   frivolity or harassment is the fact that the court granted Welltok's summary judgment

22   motion.  (*See id.* at 3 (citing MSJ Order at 17).)  Although the court granted summary

1  judgment in favor of Welltok, the court disagrees that Edifecs' arguments were

2  frivolous.  The court's order sets forth the legal standard for the threshold element of

3  pecuniary damages for Edifecs' tortious interference claims.  (*See* MSJ Order at 13.)

4  After analyzing the parties' evidence, the court concluded that "Edifecs has not met its

5  burden to show a genuine dispute of material fact that it suffered pecuniary loss caused

6  by Welltok's alleged tortious interference." (*See id.* at 22.)  However, Edifecs' failure to

7  submit evidence at the summary judgment stage that it suffered pecuniary loss does not

8  render its claim frivolous.  *See* Black's Law Dictionary (11th ed. 2019) (defining a

9  frivolous claim to be one that "has no legal basis or merit").  Moreover, the court finds

10  no evidence of harassment.  In fact, the only substantive motion Edifecs filed in this case

11  was a motion for sanctions due to spoliation that the court granted in part and denied in

12  part.  (*See* MFS (Dkt. # 27); 11/8/19 Order (Dkt. # 73).)

13           Therefore, the court declines to exercise its inherent powers to award attorneys'

14  fees as sanctions in this case.  *See Leon*, 2004 WL 5571412, at *3.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

ORDER - 11

1

## IV.   CONCLUSION

2

     Based on the foregoing analysis, the court DENIES Welltok's motion for

3

attorneys' fees (Dkt. # 113) and STRIKES as untimely Welltok's amended motion for

4

attorneys' fees (Dkt. # 117).

5

     Dated this 20th day of April, 2020.

6

7

                       _____

8

                       JAMES L. ROBART
                       United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22